### W. D. BLACKMAN v. JOHN Y. GREEN AND ANOTHER.

It would seem that where the plaintiff dies, and a foreign administrator is permitted by the Court to become a party in his stead, and no objection is made by the adverse party in the Court below, it cannot be objected on error that the foreign administrator had no right to become a party, without first obtaining letters of administration in this State.

Where the plaintiffs, partners, both die, the personal representatives of both may be made parties plaintiff; objection was not made in the Court below, and it did not appear which died first, the death of both being suggested at the same time in general terms.

Where two plaintiffs, an executor and an administrator, failed to answer interrogatories propounded by the defendant, and the Court refused to permit the defendant to use them as confessed upon the trial, the Court said the judgment would have been reversed, if it had been doubtful whether the evidence could have changed the result, or ought to have entitled the party to a different verdict. If, however, &c.

Where there have been dealings resting in account, and one party gives the other his note, in a suit on the note it is not sufficient to plead the previous account, because the presumption of law is that the note was given in settlement; but the facts which show that from mistake, accident or other cause, the note did not close the account, or did not close it fairly, must be pleaded.

It would seem that a new trial will not be granted on account of newly discovered evidence to prove a defence not set up in the answer.

See this case as to the objection of want of due diligence, where a party applies for a new trial on the ground of newly discovered evidence.

Appeal from Panola. Tried below before the Hon. Archibald W. O. Hicks.

The note to Green, Douglas & Co. was for $219 57, and was dated June 4th, 1853; the note to Green & Douglas was for $291 71; and was dated January 16th, 1854, each payable one day after date, and bearing interest at eight per cent. The plaintiffs were merchants at Shreveport, and the notes were dated there. They alleged that they were the holders and owners of the note payable to Green, Douglas & Co. The de-

Blackman v. Green.

fendant pleaded general denial; that he had paid said notes in sawed lumber at two dollars per hundred feet, as per account filed, showing different items at different dates from January 9th to February 28th, 1852, amounting to 20,524 feet, $410 48; also pleaded same account in set-off. At the Fall Term, 1854, the death of both the plaintiffs was suggested in the same entry, and their representatives made parties, as stated in the Opinion. The application to make the representatives parties, referred to copies of their letters granted in the State of Louisiana, filed with the application.; but the order was made without opposition, and was not afterwards brought in question in the Court below. It did not appear what Judge presided at said Term.

The administratrix of Douglass resided in the Parish of Caddo, Louisiana. After this the plaintiff replied the Statute of Limitations of two years to the account set up in the defendant's answer.

At the trial the plaintiff introduced the notes in evidence and the deposition of P. H. Rossin, who had been the bookkeeper for Green & Douglass during the year 1852. In answer to a question as to what he knew respecting the account which was filed by defendant, a copy of which accompanied the interrogatories, he said he knew nothing about the account referred to, but that he knew that Green & Douglass received, sold and accounted for lumber to the amount of 20,541 feet, some at $18 per M., some at $20 per M., all of which was settled and accounted for before the notes sued on were given; that he knew all accounts of Blackman against Green and Douglass were settled before the notes sued on were taken. In answer to the cross-interrogatory witness stated that plaintiffs received lumber from defendant amounting to 20,541 feet, as per entries upon the books of G. & D., but it was sold on defendant's account, and accounted for to him in settlement before taking the notes sued on.

The defendant then proved by the man who sawed lumber for him, that lumber corresponding with the account pleaded

by him, was put upon wagons, at the mills, about the times stated, to be hauled to Douglass & Green, and witness supposed that the same was received, as they sent orders by the wagoners for bills of lumber. The lumber was worth $20 per thousand at Shreveport, and was hauled there by the defendant. The defendant then offered to read in evidence, as confessed, certain interrogatories which had been propounded by him to the plaintiffs since the decease of the original plaintiffs; but the Court refused to permit him to do so, to which ruling defendant excepted. The interrogatories if taken as answered most strongly against the plaintiffs, would have proved the account annexed to defendant's answer; that it was not taken into account when the note (to G. & D.) was given, and had not been paid.

This was all the evidence in the case. The notes were not copied into the transcript, and it did not appear, except by the statement that plaintiff read in evidence the notes sued on that it was proved that the plaintiffs were the holders and owners of the note payable to Douglass, Green & Co., as alleged. But no objection was anywhere taken on this account, and it is probable the fact was inadvertently omitted in preparing the statement of facts.

The Judge charged the jury that the plaintiffs were entitled to recover the face of the notes unless they should find from the evidence that the defendant was entitled to credit for payments made, or had sustained his plea of set-off; in which case they should deduct the amount of such payment or set-off. But the jury were further instructed, that if the account pleaded by the defendant was due more than two years before the filing of this suit, they could not allow it as a set-off, nor if it was paid for by plaintiffs in a different transaction; but if it was a payment on the notes, they should allow it, although two years elapsed before the filing of suit; and if they found for defendant, they should specify whether they found for him on the answer of payment or set-off.

It did not appear when the suit was commenced. The origin-

al petition had been lost, and was substituted by another which was sworn to be a copy, and which was entitled to the Spring Term, 1854. The first date in the record was that of the citation, May 25th, 1854.

Verdict and judgment for the plaintiffs for the full amount of the notes and interest.

Motion for new trial on the grounds, only, that the Court erred in not permitting the interrogatories to plaintiffs to be taken for confessed, and that the defendant had discovered other evidence since the trial, material, &c. The application was supported by the following affidavit and exhibits. Affidavit by defendant, that since the trial in this case he has discovered new evidence that will very probably result, if offered to another jury, in his favor, if a new trial as granted, and he be permitted to use it; that defendant was always advised that the evidence existed, but had not been able to find it after he had made the most diligent search therefor; that said evidence is a receipt of Green & Douglass, acknowledging the receipt from this defendant of twenty thousand feet of lumber, and promising to pay for the same in dry goods at cash prices, which instrument is signed by said Green & Douglass and dated June 4th, 1853, and is filed with this motion. Defendant also files herewith an account stated between himself and said Green & Douglass up to the 3rd June, 1853, in which it is apparent that said lumber had not been accounted for. Said defendant further avers that he has used every means within his power, before the said trial, to supply said receipt by other evidence, but was not able to obtain any evidence thereof; said Green & Douglass both being dead. Defendant further swears that he found said receipt on yesterday, and has brought it immediately on this morning to his attorneys, and that he lives in the county of Rusk, twenty-five miles from this place. Defendant further states that the account of Green & Douglas shows 2441½ feet of lumber, which accounts for the mistake. The receipt filed

read as follows : Rec'd of W. D. Blackman twenty thousand feet of lumber, which amount we promise to pay in dry goods, when called for, at cash prices.    June 4th, 1853.

GREEN & DOUGLASS.

The account filed with the motion for a new trial, appeared to be the account of the defendant with Green, Douglass & Co., commencing January 21, 1851, and ending June 1st, 1853, with a balance of $219 57 in favor of Green, Douglass & Co., and was closed by receipt as follows : June 4th, 1853.   Rec'd note at one day for the above.   Green, Douglass & Co., per proc., P. H. Rossin.   Said account contained a rest at the first of January, 1852, at which time it showed a balance in favor of defendant, of $424 81.   In Oct. and Dec., 1851, there were credits for about 6,000 feet of plank.   On the 16th of January, 1852, there was a credit for 2441½ feet of plank at $18 per M. March 23, cash rec'd for plank $1 80.   The two latter were the only items of credit for lumber after the first of January, 1852 ; there was no other item of credit which could have represented lumber sold for account of defendant, unless it was included in accounts referred to on the debit side, at the close of the account, thus :

To balance due Swenny, Green & Co., annexed     $285 91
   "      "    Green & Douglass,     "      "        313 58
   "      "    W. R. Douglass & Co., "      "         96 55

The accounts referred to as annexed, were not produced.

The plaintiffs, in opposition to the motion for a new trial, filed the affidavits of two persons who stated that they were well acquainted with the handwriting of both Douglass and Green, the original plaintiffs ; that they had examined the receipt filed with the motion for a new trial, and that they did not believe that the signature of Green & Douglass thereto was in the handwriting of either of them.

The motion for new trial was overruled, and defendant appealed.   We find no assignment of errors in the transcript.

*W. R. Poag*, for appellant.

*O. M. Roberts*, for appellees.

LIPSCOMB, J. This suit was brought by Robert Green and Harry L. Douglass, merchants trading under the firm and style of Green & Douglass, against the appellant, on two notes of hand made and executed by the appellant; the first payable to Green & Douglass, and the other payable to Green, Douglas & Co. After the answer of the appellant, the death of both the plaintiffs was suggested, and on motion, John J. Green, executor of Robert Green, and Jane A. Douglass, administratrix of Harry L. Douglas, were made parties plaintiffs; and there was a trial; verdict for the plaintiffs; and a motion for a new trial overruled; from which the defendant appealed.

The first objection taken by the appellant is the misjoinder of the parties; that the survivor of the parties, they being partners, had the right to settle the co-partnership matters. If both died, the administrator of the one who died last would be entitled to the administration of the whole. There was no objection to the parties made in the Court below, and it cannot be made now. The record does not disclose the date of the death of the respective parties, and the presumption is they died about the same time. And under our practice, there is no objection to the joining of the executor of one with the administrator of the other, as parties plaintiff in the same suit. It would not be permitted by the common law practice.

The next ground urged by the appellant is the ruling of the Court, excluding the interrogatories propounded to the plaintiffs, as confessed, they not having been answered. This is a question of some difficulty. It is not often that the executor or administrator could give satisfactory answers to interrogatories of this nature. But the statute makes no exception.

By Article 735 (Hart. Dig.) either party may propound interrogatories to the other, on making oath of the materiality of the answers sought, and that he knows of no other person by whom he can prove the same facts. And if it was doubtful whether the evidence as offered could have changed the result, or ought to have entitled the party to a different verdict, the judgment would be reversed and remanded for a new trial. But, from the state of the facts, we find no reason to believe the result would have been different had the evidence been admitted. The object of the evidence was to show that credits for lumber had not been given in the account rendered, and had not been taken in the account when it was closed. Now, the account annexed to the interrogatories shows considerable credits for lumber, and the bookkeeper, whose testimony was taken by the plaintiffs, is positive that credit was given for all of the lumber received, and the note was given for the balance. It is true, this evidence was taken at the instance of the plaintiffs, but the defendant had an opportunity to have cross-examined the witness, and he must have known that the bookkeeper was more conversant with the business transactions of the late firm, than the administratrix of the one, and the executor of the other, residing at New Orleans, could have been. And the authority to resort, to the parties, for evidence by interrogatories, is based upon the fact, that there is no other witness by whom the facts sought to be established could be proven.

If, however, the evidence sought to be introduced by the appellant, had been of a character to have produced a different verdict, there is a good legal objection to its reception, and that is, that it sought to show that the notes did not close the account between the parties. The presumption of law is, that it did close the account, after allowing all credits ; that it was for the balance in favor of the payees. If from mistake, accident or any other cause, it did not close the account fairly, but something had been omitted, the defendant should have

Blackman v. Green.

laid the foundation for such proof to impeach the presumption, by averring, in his answer, such facts, and thereby have apprised the plaintiffs of the nature of the defence, relied upon against the note.

The remaining ground, that there was error in overruling the application for a new trial, on the ground of newly discovered evidence since the trial, cannot be available, because the receipt, purporting to have been given by the payees of the note, for lumber, to be paid for in goods, bears date long anterior to the date of the notes, and to the account in which the appellant was proven to have received credit for all the lumber received, and there is no averment in the answer, to let in proof to impeach the presumption that the note closed the transactions between the parties. And again, if there had been a sufficient averment, the appellant did not show the diligence to have the benefit of the receipt on the trial, that is required by law. He says that he knew of the existence of this receipt, but he could not find it, yet he did not ask for a continuance, to give him time to search for and find it.

The case has not been argued on either side, and there is no assignment of errors, to particularly point out to the Court the errors relied on, and we have had to depend upon an imperfect brief for those that we suppose were relied on by the appellant. The examination of the record has led us to the conclusion to affirm the judgment.

Judgment affirmed.