### JOHN I. DAVIS v. J. D. PHILLIPS.

1—An executor or administrator can not, in his fiduciary capacity, maintain a suit in the courts of a different State than that in which his letters testamentary or of administration were granted.

2—To acquire the right of suing in a different State than that in which his original letters were granted, the executor or administrator must first obtain letters testamentary or of administration from the proper authority within such different State, on his complying with the requirements of the local law, devised for the protection of local creditors of the estate, if any there be.

3—The case of Hall v. Harrison, 31 Miss. Rep., 227, distinguished from this case, and shown to be no exception to the above rule.

APPEAL from Walker. Tried below before the Hon. R. S. Gould.

The facts appear in the opinion.

*Baker & Maxey*, for appellant.—If a foreign administrator desires to maintain a suit in this State, he must obtain new letters of administration here, according to the rules of law prescribed in this State in such cases, before the suit can be brought. (Story's Confl. Law, § 513, Redfield's ed., and the authorities cited in the note; Morrell v. Dickey, 1 Johns. Ch. C. R., 152; Williams v. Storrs, 6 Id., 353; Campbell v. Tousey, 7 Cow., 64; Shultz v. Pulver, 11 Wend., 363; Vroom v. Van Horn, 10 Paige, 549; 2 Kent, 431, 5th ed.; 2 Redfield on Wills, 16–25 inclusive; Jones v. Jones, 15 Texas, 463.)

In Barrett v. Gillard, 10 Tex. R., 69, the plaintiff sued as

assignee of an executor in Louisiana, averring that by the law of that State the executor was authorized so to assign. On demurrer the suit was held to be well brought, on the principle "that by the *lex loci contractus*, the foreign executor was empowered to pass the title to the assignee; and the title having vested in him by law there, he as the owner, might maintain an action here." Yet the court says, "this does not conflict with the principle that a foreign executor can not, in general, sue as executor in our courts." (S. C., p. 70.) It does not follow that because the assignee of a foreign executor may maintain a suit in this State, that therefore the executor, as such, might do the same. The assignee's right depended upon the executor's power to give him a good title under the law of Louisiana. The testator could have done so, and if the executor could do as much, then by his assignment he placed his assignee in the same position in Louisiana which he would have occupied under the testator's assignment.

Again, it is well settled law that an executor can so transfer any negotiable security by his endorsement. (3 Kent Comm., p. 88; Story Con. Laws, § 359; Rawlinson v. Stone, 3 Wilson R., 1; S. C., 2 Strange R.)

If the case of Wellborn v. Carr, first reported in Dallam, 624, and afterwards in 1 Tex. R., 463, should be thought of any weight in determining the right of appellee to sue here in his representative capacity, we respectfully call the attention of the court to what we regard the distinctive difference between that case and this. In that, Monegan did not seek to recover by virtue of his rights as a foreign guardian; but by virtue of the title vested in him by decree of the Chancery Court of Alabama. He sued here to recover *specific property*, the title to which had been vested in him by a decree of a court of competent jurisdiction, to which Wellborn was a party—and being a proceeding *in rem.*, he was the only party that could sue.

*Sherwood & Flournoy*, for the appellee.

LINDSAY, J.—The appellee, being administrator *de bonis non*, etc., of the estate of Thos. W. Coker, under appointment of a Probate Court of Alabama, brought suit upon a judgment obtained by his predecessor in a court of the State of Alabama, against the appellant, in the District Court of Walker county, State of Texas, without having obtained letters of administration in any probate court of this State. The appellant demurred to the cause of action of the appellee, and thus directly raised the question of law, whether the administrator of a non-resident of this State could bring a suit in a forum foreign to the one in which the fiduciary relation was created.

It seems to be almost universally conceded by elementary writers upon municipal law, fortified and sustained by a general current of judicial precedents, that the grant of administration does not *de jure* extend the title, and the rights, duties, and responsibilities of the grantee beyond the territory of the government which grants it, whether in relation to movable or immovable property, according to common law. Nor is such title recognized and acknowledged in an executor or administrator, deriving his authority from another municipal jurisdiction, upon any principle of comity, for the very obvious reason, if such recognition were made, a State might sometimes be called upon to enforce a foreign law to the prejudice and detriment of its own citizens. For it is not unfrequent that persons domiciled and dying in one State may be indebted to creditors in another State, where there may be assets of the deceased debtor. And to allow an executor or administrator to withdraw those assets without the payment of such debts would operate as an egregious hardship upon such creditors. The policy of no State can be presumed to tolerate such injustice to its own citizens. The doctrine, therefore, seems to be universally accepted in the American States, that no executor nor administrator can maintain a suit in his fiduciary or official character out of the local or territorial jurisdiction in which his letters testamentary or of administration were granted. He can not sue in a foreign forum *virtute officii ;* and, consequently,

being divested of representative power, he can not sue for assets of the estate of his testator, or intestate.   If he claims the right of suing in a different territorial jurisdiction, he must first obtain letters testamentary or of administration under the local law, according to its requirements, and by executing the necessary bond thereby guard and protect the interest of local creditors, if any there be.   And the existence of such creditors could not otherwise be made known to the local tribunals without such proceeding by them.   This course is the dictate of policy, and but the exaction of civil justice by the citizens from their own government.

The case referred to by the learned counsel in their brief, from 21st Miss. (6 Bennet) is not analagous to the one under consideration.   There can be no question that either an executor or an administrator may sue in his own name upon a judgment recovered in another State, where the executor or administrator and the judgment debtor are both domiciled within the territorial limits in which the fiduciary relation was created, or the trust conferred.   In such case, the superadding to his name the term "executor" or "administrator," would be merely a *descriptio personæ*.   The power to sue would be efficacious, because within the limits of the State in which the right to sue was granted, where the *lex fori* must govern.   But such is not the state of facts as disclosed by this record.   Here, the administration *de bonis non* was granted in Alabama, the judgment recovered in Alabama, by an executor in Alabama, and suit brought upon that judgment by his successor, as administrator *de bonis non*, in a court of Texas, without qualification by that administrator in any court with probate powers in the State.   A suit is not maintainable here in this way.

The judgment of the District Court is reversed, and the cause dismissed.

Reversed and dismissed.