55   81
82  245

## S. L. TERRELL v. NEWTON CRANE.

(Case No. 4241.)

1. PARTIES — SUIT BY FOREIGN ADMINISTRATOR.— A suit by an administrator cannot be maintained in Texas, by virtue of letters of administration issued from the probate court of a sister state, upon a debt belonging to the estate of the decedent, where the title thereto has not been directly vested in the administrator, as when it has been made payable to him, or judgment has been previously recovered in his name.

` APPEAL from Wise.    Tried below before the Hon. J. A. Carroll.

[No briefs on file for either party.]

BONNER, ASSOCIATE JUSTICE.— This suit is brought by Newton Crane, who resides in the city of St. Louis, state of Missouri, and who sues in a representative capacity, describing himself as the administrator of John H. Dowell, deceased, appointed as such by order of the probate court of the city of St. Louis, against S. L. Terrell *et al.*, upon a promissory note alleged to have been executed by them and payable to the order of said John H. Dowell.

Judgment by default was rendered in favor of plaintiff Crane as such administrator, from which this writ of error is prosecuted.

That such suit cannot be maintained in the courts of this state, by virtue of letters of administration issued

from the probate court of a sister state, upon a debt be-longing to the estate of the decedent, where the title thereto has not been directly vested into the adminis-trator, as when made payable to him, or when judgment has been previously recovered in his name, is the estab-lished doctrine of this court. Cobb v. Norwood, 11 Tex., 556; Cheny v. Speight, 28 Tex., 503; Davis v. Phillips, 32 Tex., 564; Simpson v. Foster, 46 Tex., 618; Doolittle v. Lewis, 7 Johns. Ch., 45.

This is based upon the principle that one state should not have extra-territorial jurisdiction over assets of a de-ceased person; otherwise these assets might be exhausted or withdrawn to the detriment of domestic creditors, who have the right to have them administered under the laws of their own state, and to whose jurisdiction they are naturally subjected. Doolittle v. Lewis, 7 Johns. Ch., 47; Goodwin v. Jones, 3 Mass., 514.

For the error of the court below in entertaining this suit, the judgment below is reversed and the cause re-manded.

REVERSED AND REMANDED.

[Opinion delivered April 19, 1881.]