GEO. R. SUMMERHILL, ADM'R, ETC., V. M. ELLA McALEX-
ANDER, ADM'X, ETC.

(No. 1425, Op. Book No. 3, p. 466.)

APPEAL from Bowie County.    Opinion by WILLSON, J.

§ 584. *Abatement; plea in, that plaintiff, as administra-
trix of an estate in another state, could not maintain suit
in this state.*    This suit is brought by appellee, as adminis-
tratrix of the estate of Edmond McAlexander, deceased,
against appellant, as administrator of the estate of Wm. H.
Summerhill, deceased, to recover the amount of a judg-
ment rendered in the circuit court of Lauderdale county,
state of Alabama, in favor of appellee's intestate, and
against appellant's intestate, for the sum of $713.83. Ap-
pellant pleaded in abatement that the plaintiff in the suit
had no legal right to maintain the suit in the capacity of
administratrix; that she had not been appointed as such
by any court of this state, but that she was attempting
to maintain the suit under an appointment as such admin-
istratrix, made by a court in the state of Alabama.    This
plea was properly sworn to as required by the statute. [R.
S. 1265.] Upon a hearing of the plea, the court found
against it, holding that the plaintiff could maintain the
suit in the capacity in which she sued, under and by vir-
tue of her appointment as administratrix, made by a
court in the state of Alabama.    In thus holding the
court erred.    It is well settled in this state that a suit
cannot be maintained in the courts of this state, by virtue
of letters of administration issued from a court of a sis-
ter state, upon a debt belonging to the estate of the de-
cedent, where the title to such debt has not been directly
invested into the administrator, as where it is made pay-
able to him, or where judgment has been previously re-
covered thereon in his name.    [Cobb v. Norwood, 11 Tex.
556; Cheney v. Speight, 28 Tex. 503; Davis v. Phillips,
32 Tex. 564; Simpson v. Foster, 46 Tex. 618; Terrell v.
Crane, 55 Tex. 81.]

§ **585.** *Judgment without citation is void.* There is another matter fatal to the plaintiff's suit. The transcript of the proceedings and judgment in the circuit court of Lauderdale county, Alabama, and which forms the basis of this suit, discloses the fact that the judgment in that suit was rendered against Wm. H. Summerhill without legal notice or citation. A citation or summons was issued to be served upon him, but it was returned by the sheriff that he was not found. The judgment having been obtained against him without notice, is void, and cannot be made the basis of a recovery. [Witt v. Kaufman, 25 Tex. Sup. 384.]

November 4, 1882.          Reversed and remanded.