## HICKS v. SHIVELY.

### No. 3586.

Court of Civil Appeals of Texas. Beaumont.
Feb. 15, 1940.

Rehearing Denied Feb. 28, 1940.

Grover C. Lowe, of Woodville, for appellant.

B. F. Pye, of Beaumont, for appellee.

O'QUINN, Justice.

Originally H. M. Shively filed this suit in the County Court of Tyler County, Texas, as administrator of the estate of John H. Shively, against C. C. Hicks to recover on a promissory note in the sum of $300, executed by said Hicks, dated February 1, 1933, and payable to the order of J. H. Shively twelve months after date, bearing interest at the rate of seven per cent from date, and its payment secured by a chattel mortgage executed by Hicks covering certain personal property. Shively alleged that he was the duly appointed administrator of the estate of J. H. Shively, having been appointed by the "district and probate court of Dallas County, Iowa", and that he had duly qualified as such administrator, and sued in such capacity. He prayed for judgment on the note and for a foreclosure of the chattel mortgage.

On September 28, 1938, Shively filed a third amended original petition beginning: "Now comes H. M. Shively, individually and personally and does not further prosecute this suit as administrator of the estate of J. H. Shively, but prosecutes this suit solely in his individual and personal capacity as plaintiff, with leave of the court, files this his third amended original petition and complaining of C. C. Hicks, defendant, plaintiff represents to the court", and alleged as before the execution of the note and mortgage by Hicks, the death of J. H. Shively, and that after the bringing of this suit (his suit as administrator) C. H. Shively and Mrs. Zoe French, they being, with plaintiff, the only heirs of J. H. Shively, deceased, had for a valuable consideration sold, assigned and transferred to him, H.

M. Shively all of their right and interest in said note and the mortgage securing the payment of same, that he was the owner and holder of said note and mortgage, and prayed for judgment on the note and foreclosure of the mortgage, alleging the value of the property on which foreclosure was sought to be $400.

On April 24, 1939, appellant Hicks filed his second amended original answer consisting, in effect, of a general demurrer, a special exception to the effect that the suit having been originally brought by appellee as the administrator of the estate of J. H. Shively, deceased, and that on September 28, 1938, appellee filed his third amended original petition in which he stated that he did not further prosecute the suit as the administrator of the estate of J. H. Shively, deceased, but that he was the owner and holder of the note sued on and would further prosecute the suit in his individual and personal capacity, was the bringing of a new suit, and that recovery on the note as thus sought was barred by the four years' statute of limitation. Vernon's Ann.Civ.St. art. 5527. He further answered by general denial, and special plea of payment. This answer in whole was duly verified by appellant.

The case was tried to the court without a jury and judgment rendered for appellee for the amount due on the note, and for foreclosure of the chattel mortgage. This appeal is from that judgment.

No letters of administration having been obtained in this state by appellee, he could not maintain the suit as administrator of the estate of J. H. Shively. He was a foreign administrator, his petition showing that he was appointed administrator and qualified under the laws of the state of Iowa. It is an accepted doctrine in all of the states that an executor or administrator cannot maintain a suit in his fiduciary or official character out of the local jurisdiction in which his letters as such were granted. 14 Tex.Jur. pp. 636, 637, Section 796. Faulkner v. Reed, Tex. Com.App., 241 S.W. 1002. It is insisted that as appellant filed no plea in abatement to the action, he cannot now be heard to question the right of appellee to maintain the suit. The question is fundamental, going to the jurisdiction of the court to entertain the action as thus brought, and so should be considered by the court on its own motion. Hynes v. Winston, Tex.Civ. App., 54 S.W. 1069.

And, too, the suit filed by appellee to recover in his own right, being filed on September 28, 1938, was barred by the four years' statute of limitation, which was specially plead by appellant in bar of the suit. The note was due February 1, 1934. Being a foreign administrator appellee was without authority to bring the suit as the administrator of the estate of J. H. Shively, deceased, and so the filing of the suit as such administrator was as if no suit was filed, and so the statute of limitation was not tolled until the suit of September 28, 1938, was filed by appellee seeking to recover in his own right. That was more than four years after the note fell due on February 1, 1934.

From what we have said it follows that the judgment must be reversed and judgment here rendered for appellant, and· it is. so ordered.

Reversed and rendered.