**Vicky Sue COX, Individually and as heir to the Estate of Virgil Payton Cox, Deceased, Plaintiff,**

v.

**Jennie F. CROW, Executrix of the Estate of Harold P. Crow, Deceased, Defendant.**

**Civ. A. No. CA–2–1141.**

United States District Court,
N. D. Texas,
Amarillo Division.

Jan. 25, 1972.

Bob D. Slough, Clayton & Clayton, Amarillo, Tex., for plaintiff.

C. A. Stein, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

Plaintiff, widow and heir to the estate of Virgil Payton Cox, deceased, brings this action for the wrongful death of her husband as the result of a collision which occurred on October 7, 1971, on a highway located within the Northern District of Texas. Defendant is the widow and executrix of the estate of Harold P. Crow, deceased, the driver of the other car involved in the collision.

Defendant is a resident of the State of Nebraska, as was her husband. She was appointed executrix of his estate by the County Court of Keith County, Nebraska. She now comes with a challenge to the jurisdiction of this Court, asserting that as agent solely of the court which appointed her, she does not have the authority either to sue or be sued in the State of Texas in her capacity as personal representative.

Both parties agree that the laws of Texas control the question here present-ed. The applicable Texas statutes are as follows:

Article 4671, Vernon's Ann.Tex.St., which gives the right to sue for damages for death caused by the "wrongful act, neglect, carelessness, unskillfulness, or default of another person  . . . ;"

Article 4676, V.A.T.S., which provides that if the defendant dies before the suit is instituted, his or her executor or administrator may be made a party defendant and the suit prosecuted as if such defendant had continued to live;

Article 5525, V.A.T.S., which provides that the cause of action will survive even though the person against whom such cause of action shall have accrued shall have died, and that such cause of action shall survive in favor of the heirs and legal representatives of the estates of the injured party; and

Article 2039a, V.A.T.S., which states that any person who uses the highways of the State of Texas shall be deemed to have appointed the Chairman of the State Highway Commission as his lawful attorney and agent upon whom may be served all lawful process in any civil action against such person using the highways and growing out of any accident or collision on a highway of this State, and that it shall further constitute the Chairman of the State Highway Commission as such agent not only for the driver but also for his legal representative or the executor or administrator of his estate.

Defendant asserts, based on Article 5, Section 16 of the Constitution of the State of Texas, Vernon's Ann.Tex.St., which confers on the county courts jurisdiction over decedents' estates, that the representative of an estate has no extraterritorial jurisdiction, and that since the defendant in this case was appointed by a Nebraska court, she cannot be sued in Texas as executrix unless ancillary administration proceedings are had in Texas.

It cannot be questioned but that if defendant's decedent had survived, a cause of action against him in Texas

would be proper, and jurisdiction would be properly and unavoidably effected through the Texas long-arm statute. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1926).

This Court finds the precedents in other jurisdictions to be clear that courts should not lose jurisdiction over such a claim merely because of the death of the defendant.

 As a matter of fact, although the Court has found no case in the Fifth Circuit precisely to the point, many of the Circuit Courts in this country have held specifically contrary to the position of defendant in this case, clearly holding that a nonresident administrator or executor may be sued as a defendant in the courts of the state where the accident occurred and in which the decedent would have been a defendant had he survived the accident. Tolson v. Hodge, 411 F.2d 123 (4th Cir., 1969); Parrott v. Whisler, 313 F.2d 245 (6th Cir., 1963); Brooks v. National Bank of Topeka, 251 F.2d 37 (8th Cir., 1958). This Court is convinced that the courts of the State of Texas would hold that the laws of this State specifically authorize the foreign representative of a decedent's estate to be sued in Texas under these circumstances, because of the above cases and because, in enacting Article 2039a, V.A.T.S., the Legislature of Texas expressed an intention for the courts of Texas to acquire jurisdiction over a case involving a tort committed on the highways of this state.

Faulkner v. Reed, 241 S.W. 1002 (Comm. of App., 1922) is heavily relied upon by the defendant to sustain her position that an out-of-state administrator cannot sue or be sued in the courts of Texas. While it is true that this case does hold such, this Court does not agree that it is binding on the facts in this case since *Faulkner* is concerned primarily with the administration of certain assets located in the State of Texas. Secondly, it is not authority for the case now under consideration because at that time Art. 2039a, V.A.T.S. had not been enacted. These reasons are sufficient to convince this Court that *Faulkner* would not be recognized as holding against jurisdiction in a fact situation such as that now before the Court.

The requirement of diversity jurisdiction having been met, defendant's motion to dismiss is hereby DENIED and the parties will proceed with the discovery procedures as specified in a prior order of this Court.