Robert EIKEL, Testamentary Executor of the Succession of John P. Bristow, Deceased, Appellant,

v.

Kenneth L. BURTON et al., Appellees.

No. 16565.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1975.

Rehearing Denied Dec. 18, 1975.

Eikel & Davey, Robert Eikel, Houston, for appellant.

Van E. McFarland, Houston, for appellee William G. King.

COLEMAN, Chief Justice.

This suit was filed by John P. Bristow to recover $3,500.00 which he alleged he had loaned to the defendants. Bristow died prior to trial. Upon suggestion of such death being entered of record in open court, the trial court permitted the case to be prosecuted by Robert Eikel, the Testamentary Executor of the Succession of John P. Bristow, Deceased, under appointment by a court of the State of Louisiana. Judgment was entered in the trial court that the plaintiff take nothing. We reverse and remand.

It is settled that a foreign administrator cannot bring suit in the courts of this State upon a debt belonging to the estate of the decedent, with certain exceptions not applicable here. *Terrell v. Crane*, 55 Tex. 81 (1881).

There was no objection made in the trial court to the action of the trial judge in permitting Robert Eikel to prosecute the suit in his representative capacity. Since the error appears on the face of the record, this court will notice it on its own motion. The question is fundamental, going to the jurisdiction of the court to entertain the action as thus brought. *Hicks v. Shively*, 137 S.W.2d 102 (Tex.Civ.App.—Beaumont, 1940, no writ history).

This rule is supported in principle by those cases holding that fundamental error has been committed where a judgment establishes rights in a suit in which parties have no justiciable interest. See *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219 (1954).

The authority of the courts of civil appeals to take notice of unassigned error is very limited but extends to fundamental errors relating to the jurisdiction of the courts. *Wagner v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890 (1956).

In *Faulkner v. Reed*, 241 S.W. 1002 (Tex. Com.App., Sec. B, 1922, holding approved), the court stated:

"No judgment can be rendered against an estate unless it has a legal representative before the court. An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment. In other words, an administrator has no extraterritorial authority . . ."

Appellant Eikel asserts that while jurisdiction of subject matter cannot be conferred where none exists, jurisdiction over the person can be conferred by consent or waiver, citing *Federal Underwriters Ex-*

*change v. Pugh*, 141 Tex. 539, 174 S.W.2d 598 (1943).

The question is whether the trial court exceeded its authority in rendering judgment against Eikel in his representative capacity. Rule 151, Texas Rules of Civil Procedure, provides that if the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. It further provides that if no such appearance and suggestion be made at the first term of the court after the death of the plaintiff a scire facias for the heirs or the administrator or executor of such decedent should issue requiring him to appear and prosecute such suit. If after service of such scire facias, such heir, administrator or executor fails to enter an appearance within the time provided, the defendant may have the suit discontinued.

■■ The record shows that the procedure provided by these rules has not been followed. The administrator or executor referred to in the rule must be an administrator or executor appointed by the courts of Texas. This requirement is based upon the principle that one state should not have extra-territorial jurisdiction over assets of a deceased person; otherwise these assets might be exhausted or withdrawn to the detriment of domestic creditors, who have the right to have them administered under the laws of their own state, and to whose jurisdiction they are naturally subjected. *Terrell v. Crane*, 55 Tex. 81 (1881).

■ Because of the interest of the State of Texas in providing its citizens protection against the possibility of having to litigate their claims in a foreign forum, the parties cannot confer jurisdiction over the estate of John P. Bristow by agreement or waiver when no person is authorized to represent said estate. Since it appears on the face of the record that Eikel is not authorized to prosecute the suit on behalf of the estate, the failure of the defendants to object in the form required by Rule 93, Texas Rules of Civil Procedure, requiring a sworn plea to attack the right of the plaintiff to recover in the capacity in which he sued, is not applicable in this proceeding. Under the facts of this case the court was not authorized to proceed to trial. Rule 151, supra.

Eikel cites the case of *Blackman v. Green*, 17 Tex. 322 (1856), as authority for the proposition that the failure of the opposite party to point out in the trial court the lack of capacity of a foreign executor to maintain a suit would result in waiver of the error. While the reporter's notes in that case indicate that the action was prosecuted by a foreign executor, this fact was not referred to in the opinion of the court.

■ In *Meredith v. Sharp*, 152 Tex. 437, 259 S.W.2d 172 (1953), the trial court had denied a writ of mandamus and the court of civil appeals affirmed. The Supreme Court found that the petitioner had no interest, financially or otherwise, which would authorize him to maintain the suit. The Court stated that the trial court should have dismissed the suit rather than deny the relief sought. We consider, however, that the facts of this case require that the judgment of the trial court be reversed and that the cause be remanded for trial. Rule 150, Texas Rules of Civil Procedure, provides that where the cause of action is one which survives, no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered, but that such suit may proceed to judgment.

Reversed and remanded.