**W. A. MINGA, Executor of the Estate of T. F. Minga, Appellant,**

v.

**Mr. and Mrs. Gilberto PERALES, Manuela Hidalgo and Gertrudes Hidalgo, Appellees.**

**No. 1603.**

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1980.

Gary Henrichson, Henrichson & Smith, P.C., Edinburg, for appellant.

Matias Morin, Edinburg, for appellees.

## OPINION

BISSETT, Justice.

This case, which all parties treat as a trespass to try title action, involves an appeal by W. A. Minga, in his capacity as the foreign administrator of the Estate of T. F. Minga, from a judgment awarding title to, and possession of a fifteen acre tract of land located in Hidalgo County, Texas, to Mr. and Mrs. Gilberto Perales, Manuela Hidalgo and Gertrudes Hidalgo, plaintiffs. We reverse and remand.

Plaintiffs claim that they acquired title to the land in question by adverse possession. W. A. Minga was sued in his capacity of "Administrator of the Estate of T. F. Minga." The case was tried to a jury, which answered the special issues which were submitted favorably to plaintiffs. The judgment decreed that "Plaintiffs recover from Defendant the title and possession" of the fifteen acre tract.

■ As disclosed by the pleadings and the judgment, none of the heirs at law of T. F. Minga, Deceased, were made parties to the suit. The first issue to be resolved is whether the trial court committed fundamental error in proceeding to trial and rendering judgment for plaintiffs in the absence of joinder of the heirs at law of T. F. Minga, Deceased. We hold that it did.

Tex.Rev.Civ.Stat.Ann. art. 1982 (1964) provides:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

■ The provisions of Article 1982 are mandatory. The heirs at law of a decedent are jurisdictionally indispensable parties when the suit against the estate involves the title to real estate. *Jones v. Gibbs*, 130 S.W.2d 274 (Tex.Com.App. 1939, opinion adopted).

■ Failure to join jurisdictionally indispensable parties constitutes fundamental error which an appellate court must recognize when it becomes apparent in the record. *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex.Sup. 1966); *In Re Estate of Bourland v. Hanes*, 526 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Airport Coach Service, Inc. v. City of Fort Worth*, 518 S.W.2d 566 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). It has been held that failure to join jurisdictionally indispensable parties renders the judgment void. *Allen v. Matthews*, 210 S.W.2d 849 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.); *Crickmer v. King*, 507 S.W.2d 314 (Tex.Civ.App.—Texarkana 1974, no writ).

Rule 39, T.R.C.P., requires that persons having a joint interest in the subject matter of a suit *shall* be made parties, either as plaintiffs or defendants. When a person's interest in a subject matter of a suit is directly involved and must be considered and decided in the process of adjudicating the issues presented by the pleadings, that person has a joint interest in the subject matter of the suit and is an indispensable party to the action. *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ.App.—Corpus Christi 1975, no writ).

Under Texas Law, when a person dies intestate, the title to all property owned by the decedent vests immediately and directly in his heirs, subject, however, to administration if the same be necessary, Tex.Prob. Code Ann. § 37 (Supp. 1980). Title to such land is not in the administrator of the estate. He is not the equivalent of a trustee. *Jennings v. Srp*, supra, at page 330 of the published opinion. The judgment of the trial court must be reversed and the cause remanded in order that the heirs at law of T. F. Minga, Deceased, may be made parties defendant.

There is another reason why the judgment of the trial court must be reversed

and the cause remanded. According to the evidence, T. F. Minga died intestate in the State of Tennessee during the year 1952. W. A. Minga, defendant herein, a son of the decedent, qualified in a proper probate court in Tennessee as administrator of his father's estate shortly after his father's death. He was acting in that capacity at the time of trial. There is no evidence that he was ever appointed by a Texas probate court as ancillary administrator of the Estate of T. F. Minga, Deceased. Therefore, while plaintiffs' suit assumes an ongoing administration, the record reveals that defendant is administrator of the T. F. Minga Estate only with respect to its assets which are located in Tennessee. The land involved in this case is situated in Texas.

The general rule is that a foreign representative cannot sue or be sued in the courts of this State. *Faulkner v. Reed*, 241 S.W. 1002 (Tex.Com.App. 1922, jdgmt. adopted); *Eikel v. Bristow Corp.*, 529 S.W.2d 795 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).[1] The basis for the rule is that no judgment can be rendered against an estate unless it has a legal representative before the court. A foreign representative has no extraterritorial authority; he can only administer such assets as are within the jurisdiction of the court which appointed him. Thus, a valid administration of assets in Texas must be through a representative duly appointed in Texas. *Faulkner v. Reed*, supra.

Plaintiffs contend that defendant consented to the jurisdiction of the trial court. We disagree. Parties cannot confer jurisdiction over the estate by agreement or waiver when no person is authorized to represent said estate in the state where the lawsuit is pending. *Eikel v. Burton*, 530 S.W.2d 907 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). This follows

from the fact that power of a Texas court over an estate which is represented only by a foreign administrator concerns much more than mere jurisdiction over the person of the administrator; it concerns jurisdiction over the assets of the estate itself. See *Eikel v. Burton*, supra, and *Jennings v. Srp*, supra.

W. A. Minga, in his capacity as administrator of his father's estate by virtue of such appointment in the State of Tennessee, had no interest in the land in question. The trial court erred in proceeding to trial in this case where plaintiffs were suing only a foreign representative of the estate of a decedent in a suit involving title to land and in rendering judgment against the foreign administrator in his representative capacity.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for further proceedings.

---

[1]. There are exceptions to the general rule, but none apply in the case at bar. In *Terrell v. Crane*, 55 Tex. 81 (1881), the Court indicated that the rule does not apply where title has directly vested into the administrator, as where made payable to him, or where judgment has been previously recovered in his name. In *Gurley v. Lindsley*, 459 F.2d 268 (5th Cir. 1972), the Court indicated that the rule does not apply where the action is essentially an equitable one involving land and sound judicial administration requires the allowance of the suit. In *Cox v. Crow*, 336 F.Supp. 761 (N.D. Tex. 1972), the Court held that the rule does not apply in wrongful death actions.