**Opinion issued April 22, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00500-CV

———————————

## JUAN CARLOS DIAZ AND ANA C. FUDGE, Appellants

## V.

## ROSE MARIE ELKIN, Appellee

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2013-08033

## O P I N I O N

Brother and sister Juan Carlos Diaz and Ana C. Fudge appeal the dismissal of their claim that their niece, Rose Marie Elkin, breached her fiduciary duties as co-executrix of her grandmother's estate. Elkin filed a plea to the jurisdiction, arguing that the trial court lacked subject matter jurisdiction or, alternatively,

should be dismissed on the basis of forum non conveniens. The trial court granted the plea to the jurisdiction and dismissed the case without specifying its reasoning. Diaz and Fudge argue that the trial court erred by dismissing the case. We affirm.

## Background

Ana Clack Bergacker de Diaz, a citizen of both the United States and Peru, died in Lima, Peru, where she lived for the last 70 years of her life. Though Bergacker de Diaz's husband had predeceased her, three children, each of whom has dual citizenship as well, survived her: Roberto Diaz, Juan Carlos Diaz, and Ana Fudge. Roberto lives in Peru, while Juan Diaz lives in Collin County, Texas, and Ana Fudge lives in Ohio. Elkin is one of Roberto's children and lives in Houston.

Two years before her death, Bergacker de Diaz executed her last will and testament in Spanish, with the help of a Peruvian attorney and a Peruvian notary. The will named Elkin co-executrix of Bergacker de Diaz's estate, along with a banker who lives in Lima. As beneficiaries, it named each of Bergacker de Diaz's children, each of her grandchildren, and her maid.

After Bergacker de Diaz died, the will was offered and admitted to probate in Peru. The estate consisted of Bergacker de Diaz's apartment, furnishings of the apartment, the contents of a safe, personal belongings, proceeds from the sale of

2

shares of a closely-held hospital in Peru, and the corpus of a trust settled in Peru. The estate contained no assets outside of Peru.

During the administration of the estate, various disputes arose between the parties to this suit regarding property in the estate, particularly the proceeds of the stock sale and a proposed sale of the apartment. Diaz and Fudge claim that they have incurred unreimbursed expenses in connection with the apartment and that Elkin has improperly refused to sell the apartment. Elkin, in turn, claims that Diaz and Fudge have already recovered more than their fair share of the estate's assets. These disputes led to the current suit, in which Diaz and Fudge assert that "Elkin, as a co-executor of Sra. [Bergacker de] Diaz's estate, stands in a fiduciary relationship with the beneficiaries of [the] estate" and that she breached a variety of fiduciary duties that she owed to them as beneficiaries. They seek the value of property not yet distributed by the estate, the amount that they allege they have spent on upkeep of the apartment, damages for the loss of use of the estate's proceeds, and punitive damages. In addition, they asked the trial court to permanently enjoin Elkin from acting as an executrix of the estate, to order her to take all necessary steps under Peruvian law to remove herself as co-executrix, and to order her to render an accounting of all actions taken by her as co-executrix of the estate.

Diaz and Fudge appeal from the trial court's order dismissing their claims and granting Elkin's plea to the jurisdiction.

## Standard of Review

"Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). We review questions of jurisdiction de novo unless they implicate the merits of the case to the extent that they require resolution by the finder of fact. *Id.*

A party seeking affirmative relief must allege facts in her pleading that "affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Courts must consider evidence relevant to jurisdiction, however, when doing so is necessary to resolve a challenge to the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 223; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

A plea to the jurisdiction asks the trial court to dismiss a proceeding for lack of subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In considering such a plea, a court must accept as true the uncontroverted allegations of the petition upon which jurisdiction depends. *See City of Balch Springs v. Austin*, 315 S.W.3d 219, 223 (Tex. App.—Dallas 2010, no pet.); *Sweeney v. Jefferson*, 212 S.W.3d 556, 561–62 (Tex. App.—Austin 2006, no

4

pet.). Diaz and Fudge had the burden of alleging facts that affirmatively show that the trial court has subject matter jurisdiction over their claims. *Sweeney*, 212 S.W.3d at 561–62; *Burgess v. Gallery Model Homes, Inc.*, 101 S.W.3d 550, 552 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Harris Cnty. v. Progressive Nat'l Bank*, 93 S.W.3d 381, 383 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). To the extent that they make jurisdictional allegations, we construe those allegations in favor of Diaz and Fudge. *See Sweeney*, 212 S.W.3d at 561–62.

## Dismissal of Diaz and Fudge's Claims

### A. Texas courts lack jurisdiction over suits involving foreign estates

As a general rule, Texas courts have no jurisdiction over a representative of an estate who holds that status by virtue of an appointment in another state or nation. In *Faulkner v. Reed*, 241 S.W. 1002 (Tex. Comm'n App. 1922, judgm't adopted), the commission of appeals explained:

> An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue *or be sued* in the courts of Texas, or in any way act as legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment. In other words, an administrator has no extraterritorial authority.

241 S.W. at 1007 (emphasis added). As Diaz and Fudge concede, it is well-settled that Texas courts lack jurisdiction over suits brought by or against the administrator or executor of an estate appointed by a foreign jurisdiction. *Id.*; *see*

5

*also Strawder v. Thomas*, 846 S.W.2d 51, 63–64 (Tex. App.—Corpus Christi 1992, no writ); *Minga v. Perales*, 603 S.W.2d 240, 242 (Tex. Civ. App.—Corpus Christi 1980, no writ); *Eikel v. Burton*, 530 S.W.2d 907, 908–09 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

> As we explained in *Eikel*, this rule
>
> is based upon the principle that one state should not have extra-territorial jurisdiction over assets of a deceased person; otherwise these assets might be exhausted or withdrawn to the detriment of domestic creditors, who have the right to have them administered under the laws of their own state, and to whose jurisdiction they are naturally subjected.

530 S.W.2d at 909 (citing *Terrell v. Crane*, 55 Tex. 81 (1881)).

**B.**   **Diaz and Fudge's claims arise solely out of Elkin's role as a fiduciary**

Diaz and Fudge argue that *Faulkner* and its progeny are inapplicable here because they are suing Elkin solely in her individual capacity, not in her capacity as co-executrix of the estate. They argue that they seek to recover money damages from Elkin personally, not from the estate, and the current suit in no way threatens to interfere with the probate proceedings in Peru or affects the administration of the estate's assets. The record does not support these arguments.

The bases for all of the claims brought by Diaz and Fudge are Elkin's alleged breaches of various fiduciary duties; the petition specifically alleges breaches of the duty of loyalty and utmost good faith, the duty of candor, the duty to refrain from self-dealing, the duty to "act with integrity of the strictest kind," the

6

duty of fair and honest dealing, and the duty of full disclosure. Under Texas law,[1] fiduciary duties arise only out of certain, special relationships. *See*, *e.g.*, *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007); *J.P. Morgan Chase Bank, N.A. v. Tex. Contract Carpet, Inc.*, 302 S.W.3d 515, 536 (Tex. App.—Austin 2009, no pet.). "Whether a fiduciary duty exists is a question of law," and it is the "special nature of the relationship[]" involved that determines that question. *Nat'l Plan Adm'rs*, 235 S.W.3d at 700.

We therefore must consider whether the fiduciary duties alleged by Diaz and Fudge arise from their relationship with Elkin personally or solely from their relationship with her in her role as co-executrix of the Bergacker de Diaz estate. *See*, *e.g.*, *Adam v. Harris*, 564 S.W.2d 152, 156–57 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (examining specific assets administered to determine in which capacity individual acted with respect to alleged breach of fiduciary duty to refrain from self-dealing). Diaz and Fudge base their petition on claims that "Elkin, *as a co-executor of Sra. [Bergacker de] Diaz's estate*, stands in a fiduciary relationship with the beneficiaries of [the] estate."

The claims for declaratory relief that Diaz and Fudge seek further confirm that their lawsuit seeks to affect the administration of the estate. They have asked a Texas court for an injunction barring Elkin from acting as co-executrix of a

---

[1] We apply Texas law because none of the parties suggested in the trial court or in this court that the law of any other jurisdiction applies.

7

Peruvian estate and ordering her to remove herself from that capacity. They also demand an accounting of all of Elkin's actions and transactions as co-executrix. Such claims inherently seek to affect the administration of the estate. *E.g.*, *Minga*, 603 S.W.2d at 242 ("[The] power of a Texas court over an estate which is represented only by a foreign administrator concerns much more than mere jurisdiction over the person of the administrator; it concerns jurisdiction over the assets of the estate itself."); *see also Becknal v. Becknal*, 296 S.W. 917, 919 (Tex. Civ. App.—Dallas 1927, no writ) (court in one Texas county lacked jurisdiction to enjoin acts by administrator appointed by probate court of another Texas county, as such injunction "interfere[s] with, or prevent[s] by its process, the administration of the estate").

Moreover, the damages that Diaz and Fudge seek relate to administration of the estate and particularly either to assets held by the estate or to sums of money that Diaz and Fudge allege that they have paid on the estate's behalf. Although Diaz and Fudge seek to recover these amounts from Elkin personally, these amounts are inextricably tied to the estate's assets and the administration of the same, not to money or assets held by Elkin personally. *Minga*, 603 S.W.2d at 241 (title to estate's assets is not in administrator of estate). Thus, none of the claims brought by Diaz and Fudge relate to any alleged fiduciary duty arising out of their relationship with Elkin personally. Rather, the claims all arise out of the

8

relationship that Diaz and Fudge have with Elkin as co-executrix of the Bergacker de Diaz estate, bringing them within the rule articulated by *Faulkner* and its progeny and depriving Texas courts of jurisdiction over this matter.

Diaz and Fudge argue that the nature of the relief sought is not dispositive, in that Texas courts may sometimes enter injunctions affecting foreign proceedings. None of the cases to which they cite, however, involved the administration of a foreign estate or an administrator or executor appointed under the laws of a foreign jurisdiction. *See Jacobsen v. Jacobsen*, 695 S.W.2d 44, 45–48 (Tex. App.—Corpus Christi 1985, no writ) (trial court could enjoin Canadian litigation in order to protect best interests of children of parents who divorced in Texas); *Roberts v. Stewart Farm Mortg. Co.*, 226 S.W. 1108, 1108–09 (Tex. Civ. App.—San Antonio 1921, no writ) (trial court, having obtained personal jurisdiction over the parties, had power to enjoin foreign corporation from selling notes for purchase money of land in court's geographical jurisdiction in Texas); *Nelson v. Lamm*, 147 S.W. 664, 667 (Tex. Civ. App.—San Antonio 1912, writ ref'd) (trial court with jurisdiction over individual defendants could enjoin them from engaging in litigation on same subject matter in Mexico).

Further, we base our holding not on the relief sought but on the nature of the claims themselves, which turn on Elkin's discharge of her fiduciary duties as a representative of the estate and thus can only be brought against her in a

9

representative capacity. *Minga*, 603 S.W.2d at 241 (title to estate's assets is not in administrator of estate); *see also Faulkner*, 241 S.W. at 1007 ("An administrator is the agent solely of the court appointing him . . . ."); *Killgore v. Estate of Killgore*, 568 S.W.2d 182, 187 (Tex. Civ. App.—San Antonio 1978, no writ) (removal of executor for mismanagement necessarily involves "meddling in matters relating to the settlement of the estate"); *Becknal*, 296 S.W. at 919.

We hold that the trial court did not have subject-matter jurisdiction to decide the claims brought by Diaz and Fudge. The trial court therefore properly dismissed the case for lack of jurisdiction.[2]

## Conclusion

We affirm the trial court's order of dismissal.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

---

[2] Because our holding regarding jurisdiction is dispositive of this appeal, we do not reach the arguments that Diaz and Fudge raise regarding forum non conveniens. *E.g.*, *Cont'l Cas. Co. v. Baker*, 355 S.W.3d 375, 387 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *MET-Rx USA, Inc. v. Shipman*, 62 S.W.3d 807, 808 (Tex. App.—Waco 2001, pet. denied).