## J. W. Nicholson v. Edgar Scurry, Chairman.

No. 5315.   Decided May 17, 1930.
(28 S. W., 2d Series, 512.)

*Alton V. Grant* and *W. J. Townsend,* for plaintiff in error.

*F. W. Fischer, C. C. McDonald* and *Wm. N. Bonner,* for defendant in error.

Mr. Justice PIERSON delivered the opinion of the court.

The following is reproduced from the opinion of the Honorable Court of Civil Appeals as a statement of this case:

"This appeal is from an order of the Honorable Judge of the 89th District Court of Wichita County, granting appellee a temporary injunction.   The appellee, in his petition for the writ, alleged in substance that he was a Democrat, taxpayer, and a qualified voter in Precinct No. 17, of Wichita County, and as such became a candidate for and was duly elected as chairman of said precinct in the primary election on July 28, 1928, and as such became a member of the Wichita County Democratic Executive Committee, having since duly qualified as such officer and assumed the duties of said office; that the defendant on the same date had been elected Chairman of the Wichita County Executive Committee, and had entered upon

the duties of such office; that the County Democratic Executive Committee was duly convened on September 4, 1928, to attend to important matters brought before them, and that the defendant, 'without any reason or cause whatsoever, unlawfully and fraudulently and with malice against this plaintiff declared the chairmanship of Precinct No. 17 vacant, and then and there informed this plaintiff that said plaintiff would no longer be allowed to serve as said Precinct Chairman and member of said Committee,' and would no longer recognize the plaintiff as a member of said Committee; refused to count the vote of said plaintiff on important motions voted upon, and thereby deprived plaintiff of his legal right to function as said Precinct Chairman and member of said Committee. It was further alleged that unless restrained by order of the court, the defendant will declare the office of the plaintiff vacant, and will completely dispossess this plaintiff from the same and attempt to appoint a successor. The prayer of the plaintiff was for notice to the defendant and a granting of the injunction.

"On the same day, the defendant appeared and filed his duly verified answer, which, omitting the general demurrer and general denial, reads as follows:

" 'The defendant, specially answering, says that at the first meeting of the members of the Democratic Executive Committee for Wichita County, who were elected on July 28, 1928, the defendant called said members together, he being the duly elected Chairman of said Committee; that at said meeting the majority of the members thereof prescribed a pledge of fealty to the Democratic Party to be taken by each member thereof as a qualification to membership of said committee, as is fully shown by the attached Exhibit "A"; that the plaintiff refused to take such pledge, and announced that he was then supporting and would continue to support the Republican nominees for President and Vice President of the United States; that the members of the Executive Committee, by a majority vote, then declared the office of Precinct Chairmanship of Precinct No. 17 vacant, and authorized this defendant to fill such vacancy by appointment; that, in pursuance of such authority, this defendant has appointed J. B. Hatchitt to fill such office, and he has accepted such office, and is now filling the same, having taken the pledge prescribed by the Committee; that, by reason of the foregoing facts, the plaintiff's petition for injunction should be denied; Wherefore, the defendant prays that he be dismissed herein with his costs.'

"The resolution referred to in the answer of the defendant, and shown in Exhibit "A", reads as follows:

"'Resolution No. I.

"'Whereas, it has been rumored that certain members of the Democratic Executive Committee of Wichita County, Texas, who were elected on July 28, 1928, are not supporting all of the nominees of the Democratic Party, and in order to refute such rumors and assure the Democracy of Wichita County, Texas, that the members of the Executive Committee are unanimously in support of all of the nominees of the Democratic Party;

"'BE IT Resolved That We, the undersigned, the members of the Democratic Executive Committee of Wichita County, hereby individually pledge ourselves to vote for Alfred E. Smith for President of the United States, as well as all of the other nominees of the Democratic Party, and we further pledge ourselves to openly and publicly support and work for the election of Alfred E. Smith as President of the United States, as well as all other nominees of the Democratic Party.'

"It appears that a hearing was had, after which the order from which the appeal has been prosecuted was entered, granting the prayer of the plaintiff for writ of temporary injunction. No statement of facts has been brought before us, but the court filed his conclusions of law and fact which, so far as we deem it necessary to quote, reads as follows:

"'The court then heard the testimony in the case, which established the following facts:

"'1. That on July 28, 1928, the persons voting in the Democratic primary in election Precinct No. 17 elected relator as Precinct Chairman, and he entered upon his duties by attending the first meeting of the new Executive Committee; that he has heretofore affiliated with the Democratic Party, and still claims allegiance to the same, but refuses to support Governor Smith and Senator Robinson, the nominees for President and Vice President.

"'2. That he refused to sign the pledge proposed by the majority of the County Executive Committee, and said Committee declared his office vacant for that reason, and authorized the County Chairman, respondent here, to appoint his successor and report the appointment on Saturday September 8th to the full committee.

"'3. That on the 5th day of September, 1928, respondent verbally appointed J. B. Hatchitt to fill the vacancy thus created.

" '4. That respondent will recognize said Hatchitt as Chairman of Precinct No. 17, and will refuse to recognize relator as such hereafter, unless required to do otherwise.

" '5. That relator participated in the presidential primary in May, 1928, but did not remember whether he signed the pledge to support party nominees; if he did, it was with mental reservations.

" 'As to the law of the case (and it is upon the principles of law alone the case must be decided), there is really but one question; that is, Did the County Executive Committee exceed its power when it prescribed a pledge for its members and visited the penalty of expulsion upon those who refused to take said pledge? The relator is, as shown by the evidence and admitted in the pleadings, the duly elected member of the County Executive Committee from Election Precinct No. 17, and is entitled to be recognized as such unless he has forfeited his right by his failure and refusal to support the head of the ticket. He frankly admitted his opposition to Governor Smith, and says he will not vote the National Democratic ticket because of his personal feeling against Mr. Smith. He also admits his membership in a political organization of some kind which he calls "anti-Smith Democrats." ' '

"As recited in his conclusions of law, the court felt that he was not concerned with the questions of the consistency or ethical status of the relator, but that no statute called to his attention gave the right to the County Democratic Executive Committee to demand a pledge such as the plaintiff refused to take, and, in case of refusal, declare a forfeiture of his office; that the only pledge prescribed by law was that prescribed by Article 3110 of the Revised Statutes; that the law providing for the election of a precinct chairman does not specify such qualifications or demand pledges of them; and that the kind and character of party leaders is left to the discretion of the electorate of each precinct. The decision of the Court of Civil Appeals at El Paso, in the case of Ware v. Welch, 149 S. W., 263, was cited by the court, as was Article 3118, providing that vacancies in the committee shall be filled by a majority vote of the Executive Committee. The court concluded as follows:

" 'Believing as I do that the majority of the County Executive Committee does not have the power under the law to remove a duly elected member from his office because he will not sign a pledge prescribed by such majority and not by any statute of the State, I overrule the general exception and grant the temporary injunction prayed for in this case, to which defendant in open court excepted

and gave notice of appeal to the Court of Civil Appeals, 2d Supreme Judicial District, at Fort Worth, Texas.' "

The Honorable Court of Civil Appeals for the Second Supreme Judicial District reversed and rendered the judgment of the District Court on the grounds that the County Democratic Executive Committee of Wichita County had authority to prescribe the test alleged in the answer of defendant in error, Edgar Scurry, and that said committee had the authority to declare vacant the membership of plaintiff in error in said committee and to fill said vacancy. In all things it upheld the action of the County Democratic Executive Committee in unseating plaintiff in error and in refusing to permit him to exercise his rights and functions as a member of said committee. It upheld the appointment of Honorable J. B. Hatchitt as a member of said committee in the place of plaintiff in error. 9 S. W. (2d), 747.

The District Court and the Court of Civil Appeals both erred in not sustaining defendant in error's general demurrer to plaintiff in error's petition. Plaintiff in error in his petition stated no justiciable cause of action. He simply alleged that he was a member of the Wichita County Democratic Executive Committee, by virtue of having been elected by the voters in the primary as Chairman of Precinct No. 17, and that the defendant in error, Scurry, was Chairman of the Wichita County Democratic Executive Committee by virtue of his election in the same primary as County Chairman, and that defendant in error, Scurry, had refused to recognize him as a member of the committee, and had threatened to declare vacant his membership, and to appoint another in his stead. Defendant in error, Scurry, had no power to control the action of the County Democratic Executive Committee, nor plaintiff in error's membership therein.

Defendant in error, Scurry, alleged that the County Democratic Executive Committee itself had unseated plaintiff in error, and that Honorable J. B. Hatchitt had been appointed as a member in his stead by said Committee. It was recognized throughout the case that defendant in error, Scurry, had no individual right or authority to eject plaintiff in error from the membership of said Committee and to fill the vacancy, but that the Committee itself had acted in the matter and had declared the membership of plaintiff in error vacant, had provided for the filling of the vacancy, and that the vacancy had been filled as stated.

The Honorable District Judge in stating his conclusions said: "There is really but one question; that is, did the County Executive

Committee exceed its powers when it prescribed a pledge for its members and visited the penalty of expulsion upon those who refused to take said pledge?" He based his judgment not on any conduct upon the part of defendant in error, Scurry, but concluded by saying:

"Believing as I do that the majority of the County Executive Committee does not have the power under the law to remove a duly elected member from his office because he will not sign a pledge prescribed by such majority and not by any statute of the State, I overrule the general exception and grant the temporary injunction prayed for in this case."

In his application for writ of error to this Court, plaintiff in error tenders four assignments of error, each one complaining of errors committed by the Court of Civil Appeals in upholding the action of the County Democratic Executive Committee of Wichita County, and in no instance does he make any complaint or assignment of any error against defendant in error. In his first assignment of error he complains that the court erred in holding that the County Democratic Executive Committee had authority under the law to cause its members to subscribe to a party fealty pledge. In his second assignment he complains that the court erred in holding that the County Democratic Committee had authority to oust one of its members who refused to subscribe to the test adopted by it. In his third assignment he again assigns error on the part of the Court of Civil Appeals for holding that the County Democratic Executive Committee had authority to prescribe a test of fealty for the members of said Committee, and to oust him from said Committee, as being violative of Article 3119, Revised Statutes of 1925. And his fourth assignment assigned error on the part of the Court of Civil Appeals in holding that the County Democratic Executive Committee could create a vacancy by ousting him therefrom, and could fill said vacancy by the appointment of another.

The District Court and the Court of Civil Appeals treated the complaint as being against the County Democratic Executive Committee itself. The County Democratic Executive Committee of Wichita County is not a party to this suit. Neither is the Honorable J. B. Hatchitt a party to it, and yet the powers and authority of said Executive Committee are undertaken to be controlled by said judgment, and the right of the said J. B. Hatchitt to continue to hold his membership in said Committee is adjudged first in the trial court and then in the Court of Civil Appeals. It becomes apparent, simply upon the statement thereof, that in the first instance

plaintiff in error pleaded no cause of action, and in the second instance that the rights of others, not parties to this suit, have been undertaken to be litigated and adjudged herein. Of course the County Executive Committee and the Honorable J. B. Hatchitt were not injured by the judgment of the Honorable Court of Civil Appeals, as it ruled in their favor; but if that court had held, or if this Court should hold, that the County Executive Committee had exceeded its powers under the statute, and that the creation of the vacancy and the appointment of J. B. Hatchitt were unauthorized and unlawful under said statutes, then their powers and rights would have been adjudicated without their being parties to the suit, and of course such adjudication could not be binding upon them. The District Judge should have sustained the general demurrer, and since he did not, the Court of Civil Appeals should have sustained it and should have dismissed the case.

The judgments of the trial court and of the Court of Civil Appeals are both reversed, and the cause is dismissed.