Ivy Renee STRAWDER, as Personal Representative of the Estate and Successor of Timmy Lee Thomas, et al., Appellants,

v.

Georgia THOMAS and Paul Webb, Appellees.

No. 13–91–154–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 10, 1992.

Paul Webb (Attorney Ad Litem), Wharton, John Wesley Wauson, Neil M. Leibman, Wauson & Bruce, Houston, for appellant.

Robinson C. Ramsey, Wharton, Ernest H. Cannon, Houston, for appellee.

Before NYE, C.J., and GERALD T. BISSETT [1] and SEERDEN, JJ.

## OPINION ON MOTIONS FOR REHEARING

BISSETT, Justice (Assigned).

We withdraw our previous opinion and substitute the instant opinion as the opinion of the Court. The appellees' motions for rehearing are granted.

This is an appeal by Ivy Renee Strawder, as personal representative of the Estate of Timmy Lee Thomas and as Tutrix [2] of Timmy Tyrell Strawder, a minor, and Timmy Tyrell Strawder, by and through Ivy Renee Strawder, his Tutrix and Next Friend, from a judgment rendered in a severed cross-action brought against Ivy by Georgia Thomas, individually. The judgment decreed that Georgia Thomas recover of and from Ivy Renee Strawder, in the capacities above-stated, all court costs, and attorney's fees in the amount of $400,000; that the attorney ad litem recover from Ivy Renee Strawder, in the capacities above-stated, attorney's fees in the amount of $40,000; and that additional attorney's fees be recovered from Ivy Renee Strawder, in the capacities above-stated, in the event of appeals. We reverse and vacate the judgment on jurisdictional grounds.

## IN GENERAL

On or about October 3, 1989, the Zapata Haynie Corporation's vessel, "MV NORTHUMBERLAND," operating in Gulf of Mexico waters, struck a gas pipeline and caused an explosion which resulted in the death of Timmy Lee Thomas. The pipeline, at the time of the explosion, was owned by Natural Gas Pipeline of America and was operated and managed by third parties. The 14th District Court of Calcasieu Parish, Louisiana (hereafter the "Louisiana Court"), appointed Georgia Thomas, the mother of Timmy Lee Thomas, Administratrix of the Estate of Timmy Lee Thomas, Deceased (hereafter the "Thomas Estate"), on October 12, 1989.

Thereafter, Georgia Thomas engaged the law firm of Ernest Cannon & Associates, Houston, Texas to prosecute her individual action and that of the Thomas Estate against Natural Gas Pipeline of America and the third parties who operated and managed the pipeline (hereafter the "Pipeline Defendants"). Suit was filed by the attorneys for Georgia Thomas, in a District Court of Wharton County, Texas, against the Pipeline Defendants on April 6, 1990, and was docketed as No. 29,447. Georgia Thomas, as plaintiff, sued "individually and as representative of the Estate of Timmy Lee Thomas," to recover damages for the wrongful death of Timmy Lee Thomas.

The Louisiana Court removed Georgia Thomas as administratrix of the Thomas Estate by Order signed on May 17, 1990, and on the same day, appointed Ivy Renee Strawder as administratrix of the Thomas Estate and as Tutrix for and on behalf of her minor son Timmy Tyrell Strawder, who was the son of Timmy Lee Thomas, Deceased.

## PROCEDURAL HISTORY

Georgia Thomas contends that the Pipeline Defendants settled the controversy existing between them sometime between April 6, 1990, and August 17, 1990, and represents that the Pipeline Defendants paid $1,000,000 in settlement. A document entitled "RECEIPT, RELEASE AND SETTLEMENT AGREEMENT" was executed

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. A female guardian of a minor under Louisiana Law.

by Georgia Thomas, *individually,* on August 17, 1990, wherein it was stated:

[b]y order of the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, on May 17, 1990, in the matter entitled 'Succession of Timmy Lee Thomas,' Probate No. 27,774, Ivy Renee Strawder, as tutrix for and on behalf of her minor son, Timmy Tyrell Strawder, was appointed administratrix and personal representative of the Succession of Timmy Lee Thomas....

The Agreement further provided that Georgia Thomas would hold harmless, defend and indemnify the Pipeline Defendants, the "Released Parties," from all claims

by Ivy Renee Strawder, as tutrix for her minor son, Timmy Tyrell Strawder, and/or administratrix and personal representative of the Succession of Timmy Lee Thomas, whether in tort, contract, or otherwise, in any way arising out of or directly or indirectly resulting from the injuries to and death of Timmy Lee Thomas.

The Pipeline Defendants did not sign the agreement.

Ivy Renee Strawder, "individually, on behalf of deceased, as the personal representative and as administratrix of his succession for and on behalf of the deceased, and as tutrix for her minor son, Timmy Tyrell Strawder," filed suit against the Pipeline Defendants on July 27, 1990, to recover damages for the wrongful death of Timmy Lee Thomas. This suit was filed in the 38th District Court, Parish of Cameron, State of Louisiana, and was pending at the time of trial of the case at bar.

Georgia Thomas, "individually and as representative of the Estate of Timmy Lee Thomas," filed a "Motion to Deposit Money into Registry of the Court" on September 5, 1990, in the District Court of Wharton County, wherein she advised the court that: 1) Georgia Thomas was originally appointed "administratrix of the succession of Timmy Lee Thomas" on October 12, 1989,

by the Louisiana Court; 2) she was removed as such administratrix by the Louisiana Court by Order signed on May 17, 1990, and the court appointed Ivy Renee Strawder administratrix in her stead; 3) Georgia Thomas and the Pipeline Defendants settled plaintiff's claims for $1,000,-000; 4) such funds should be paid to the registry of the court pending distribution of the funds to the litigants; 5) counsel for plaintiff Georgia Thomas has notified "Ivy Renee Strawder as Next Friend of her minor son Timmy Lee Strawder of said settlement"; and 6) a dispute exists between counsel for Georgia Thomas and counsel for Ivy Renee Strawder "as Next Friend of Her Minor Son, Timmy Tyrell Strawder."

The record does not show that the court approved the purported settlement.

Also, on September 5, 1990, Georgia Thomas, still acting "individually and as representative of the Estate of Timmy Lee Thomas," filed a "Motion for Appointment of Attorney Ad Litem" for the minor Timmy Tyrell Strawder, apparently on the ground that counsel for Ivy Renee Strawder in the Louisiana Court proceedings "refused to substitute himself as counsel ... to protect the rights of the minor child," and on September 6, 1990, filed her First Amended Original Petition against the Pipeline Defendants,[3] although she had been removed as administratrix of the Thomas estate on May 17, 1990.

On September 7, 1990, Ivy Renee Strawder, "as tutrix and next friend for and on behalf of her minor son, Timmy Tyrell Strawder," filed an opposition to the Motions to "Deposit Money into the Registry of the Court" and to "Appoint Attorney ad Litem" on the grounds that "the settlement in this matter should be abandoned" and that "additional discovery is needed to develop the case."

Also, on September 7, 1990, Ivy Renee Strawder, "as administratrix of the succession of Timmy Lee Thomas and as tutrix and next friend of her minor son, Timmy

---

**3.** The record does not show that the Pipeline Defendants have answered in Cause No. 29,447; nor does the record reveal any further action pertaining to them, save and except the execution by Georgia Thomas of the "Settlement Agreement," hereinbefore noted. It is unclear why Georgia Thomas filed a First Amended Original Petition at this time.

Tyrell Strawder," filed a Petition in Intervention in Cause No. 29,447 against the Pipeline Defendants only, in which she alleged: 1) Timmy Tyrell Strawder is the natural child of Timmy Lee Thomas, Deceased, and is the only child of the decedent; 2) she, as the mother of the child, as the administratrix of the Thomas Estate, and as next friend of the child has an interest in the controversy and is an interested party in the litigation; 3) Georgia Thomas is not a proper party to the pending lawsuit; and 4) she, Ivy Renee Strawder, is suing in the capacities above-stated to recover damages for the wrongful death of Timmy Lee Thomas.

Following a hearing on the motion to appoint an attorney ad litem, held before a Master on September 10, 1990, the trial court appointed Mr. Paul Webb as attorney ad litem by an order signed on the same day, September 10, 1990.

Georgia Thomas filed an answer to Ivy Renee Strawder's petition in intervention on September 21, 1990, which consisted of a general denial of the allegations therein, except she "admitted that Ivy Renee Strawder is a proper party in her representative capacities." The Pipeline Defendants did not answer, nor did they make an appearance with respect to the petition in intervention.

On September 28, 1990, Ivy Renee Strawder, the intervenor, filed a pleading by facsimile transmission in Cause No. 27,447, entitled "Notice of Nonsuit Without Prejudice" which stated that such notice of nonsuit was without prejudice, and further stated:

Intervenor no longer desires to prosecute this suit at this time against Plaintiff or Defendants and hereby nonsuits all such claims pursuant to Rule 162, Tex.R.Civ. P., and requests the Court enter the form of order submitted contemporaneously herewith.

The trial court, by order signed on September 28, 1990, dismissed intervenor's claims against Georgia Thomas and the

Pipeline Defendant "without prejudice to their refiling or the refiling of any part thereof."

Georgia Thomas, as plaintiff *only*, filed a cross-action against the intervenor Ivy Strawder as administratrix of the Thomas Estate and as tutrix and next friend of Timmy Tyrell Strawder, on October 2, 1990, wherein it was stated:

Cross–Defendants have appeared herein. No service of citation is necessary at this time.

Georgia Thomas, in her individual capacity only, sought a recovery of expenses, attorney's fees, and prosecution costs.

Ivy Renee Strawder, "as personal representative, as administratrix of the succession of Timmy Lee Thomas and as tutrix and next friend of her minor son Timmy Tyrell Strawder" filed a "Notice of Nonsuit Without Prejudice" on October 3, 1990, in which she stated that she "no longer desires to prosecute this suit against Georgia Thomas and [the Pipeline Defendants]." The trial court did not sign an order granting the nonsuit, as he did with respect to Ivy Renee Strawder's previous Notice of Nonsuit, filed on September 28, 1990.

On October 8, 1990, Paul Webb, the attorney ad litem, filed a Motion for Reconsideration of the Order of Nonsuit[4] on the ground that he never received a copy of either the Motion for Nonsuit or the order granting the motion. He asked that the Order for Nonsuit be set aside. Ivy Renee Strawder filed a response to Webb's motion on October 19, 1990, in which she opposed the Motion for Reconsideration on the ground that "he is not a party hereto and has no standing to file such motion" because the minor child is the real party in interest who is represented by her (Ivy Renee Strawder). The trial court granted the Motion for Reconsideration of the Order of Nonsuit by order signed on October 22, 1990, and stated that "the Order of Nonsuit of Intervenor Ivy Renee Strawder is hereby set aside for naught, and held out to be null and void." There is no evidence

---

4. Georgia Thomas did not join in the motion, nor did she file an independent Motion to Re-

consider the Order of Nonsuit.

of any conflict of interest between Ivy Renee Strawder and her minor son.

Georgia Thomas filed a cross-action in her individual capacity only against Ivy Renee Strawder on October 2, 1990. On October 26, 1990, Georgia Thomas, "Plaintiff herein and now acting as Cross–Claimant and Intervenor" filed an Amended Cross Action in Intervention, her trial pleading, in which she denied that Timmy Tyrell Strawder had any standing in the litigation and asserted that he is "entitled to take nothing out of any judgment, settlement or other proceeds." She further pleaded that "she is entitled to compensation and reimbursement for her time expended, prosecution costs and attorney's fees during the time this case was on file and which inured to the benefit of Cross–Defendant, Ivy Renee Strawder in her representative capacities and against Timmy Tyrell Strawder by and through his next friend and personal representative."

Following a trial before the court on the issues raised by Georgia Thomas in her amended cross-action, the trial court rendered judgment on November 20, 1990, which, among other determinations, ordered that

> Georgia Thomas have recover from Ivy Renee Strawder, as representative of the Estate and Successor of Timmy Lee Thomas, Ivy Renee Strawder as next friend and testatrix of Timmy Tyrell Strawder, and Timmy Tyrell Strawder, by and through said tutrix and next friend, jointly and severally, the sum of $400,000 (for attorney's fees).

It was further ordered that Georgia Thomas recover of and from Ivy Renee Strawder in her several capacities, certain additional attorney's fees in the event of appeals and all costs of court.

On December 12, 1990, Paul Webb, the attorney ad litem, filed a "Motion to Modify, Correct or Reform the Judgment" of November 20, 1990, on the ground that it "did not address fees to be awarded to the attorney ad litem for work done by the ad litem in this matter."

Georgia Thomas, as cross-plaintiff, filed a motion to sever the cross-action from the case on December 12, 1990. This motion was filed by Georgia Thomas solely in her individual capacity. The motion was granted and the trial court, by order signed on December 17, 1990, severed her cross-action against Ivy Renee Strawder from the remainder of the case and ordered that the severed cause (the cross-action) be docketed as "No. 29,447–A," and further ordered that separate judgments be granted in each cause, and that "each judgment be final and to dispose of all issues between the parties in the respective suits." [5]

The trial judge signed another judgment on December 17, 1990. This judgment did not expressly set aside the judgment signed on November 20, 1990, nor did it state that the prior judgment was modified, amended or reformed in any respect. The only difference is that the judgment of December 17 awarded attorney's fees to the attorney ad litem, whereas the judgment of November 20 did not. It was *found* in the judgment of December 17, and so stated in the body thereof, that Georgia Thomas, as cross-plaintiff was entitled to recover of and from Ivy Renee Strawder, in her representative capacities, "the sum of $400,000," for attorney's fees and that the attorney ad litem was entitled to recover "the sum of $40,000." Additional attorney's fees were awarded to Georgia Thomas and Paul Webb in the event of an appeal to the appellate courts. All costs of court were taxed against Ivy Renee Strawder in her representative capacities.

Mr. Wauson, the attorney for Ivy Renee Strawder in the Wharton County litigation, filed an affidavit in Cause No. 29,447 on January 16, 1991, which was after the severance of the cross-action from the main suit. Attached to the affidavit is a copy of the document entitled "RECEIPT, RELEASE AND SETTLEMENT AGREEMENT." As already noted, Georgia Thomas was removed as administratrix of the Thomas Estate by Order of the Louisiana Court on May 17, 1990. Therefore, she did

---

**5.** Cause No. 29,447–A is the judgment appealed in this case. It involves only the cross-action filed by Georgia Thomas against Ivy Strawder in her representative capacities.

not have any authority to represent the Thomas Estate in any capacity from and after May 17, 1990, and her actions thereafter were actions in her individual capacity and not in any representative capacity for the Thomas Estate. So, the Settlement Agreement of August 17, 1990, and all motions and pleadings filed after May 17, 1990, are motions and pleadings of Georgia Thomas, individually, and are not binding on the Thomas Estate, despite the statement therein in some of the motions and pleadings that she was acting as "representative" of the Estate of Timmy Lee Thomas. Moreover, she denied in her amended cross-action that Timmy Tyrell Strawder had any standing "to make any claim herein," and requested the court to declare "that he is not a proper beneficiary to assert any claim herein and that he is entitled to take nothing herein out of any judgment, settlement or other proceeds."

Ivy Renee Strawder's motion for new trial was denied by order signed on March 7, 1991. Ivy Renee Strawder has duly perfected an appeal from the judgment rendered and signed on December 17, 1990, in Cause No. 29,477–A.

## POINTS OF ERROR

Ivy Renee Strawder first contends that the trial court failed to give effect to her nonsuit, filed on September 28, 1990, and, as a consequence, erred in granting judgment in favor of Georgia Thomas and Paul Webb, attorney ad litem. We agree.

■ Georgia Thomas claims that the "attempted nonsuit" did not bar the trial court from proceeding to trial on her cross-action and rendering judgment against Ivy Renee Strawder in her representative capacities. In particular, she claims that "the attempted nonsuit of September 28, 1990, failed to remove Strawder's intervention claims" because the facsimile transmission of the Notice of Nonsuit was ineffective since it did not comply with the provisions of the Texas Government Code governing facsimile filings.

It is undisputed that the Notice of Nonsuit was filed by facsimile transmission with the district clerk of Wharton County, who stamped it "FILED AT 2:20 P.M., SEP. 28, 1990." It is further undisputed that the district clerk had not received approval by the Supreme Court of Texas for such filing until after September 28, 1990.

The Supreme Court of Texas, by Order signed on October 31, 1990, *effective January 1, 1990*, approved the "Adoption of Rules for Wharton County for Receiving and Filing Electronically Transmitted Court Documents." All essential requirements for filing by facsimile transmission of the Notice of Nonsuit in accordance with the Rules promulgated by the Supreme Court were met by counsel for Ivy Renee Strawder and by the district clerk. In particular, there was compliance with Rule 1, 5 and 14 of the Supreme Court's Order, reading:

1. The clerk is authorized to accept for filing via electronic transmission any document which might be filed in a court action except: (a) returns of service on issuance; (b) bonds; (c) signed orders or judgments.

 \* \* \* \* \* \*

5. An electronically transmitted document accepted for filing will be recognized as the original record for file or for evidentiary purposes when it bears the clerk's official date and time file stamp.

 \* \* \* \* \* \*

14. Electronic transmission of a document does not constitute filing. Filing is complete when the clerk's official date and time file stamp is affixed to the document.

■ An instrument is effective as "filed" when it has been received into the custody of the clerk of the court for filing. *Newsom v. Boyd*, 203 S.W.2d 874, 876 (Tex.Civ. App.—Galveston 1947, no writ). There is no question in this case that the clerk of the district court obtained custody over the facsimile pleadings filed in this case by Ivy Renee Strawder and exercised custody over those documents by file stamping them and entering them into the docket and minutes of the Court's record. *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex.1979). The clerk's failure to conform with the purely technical requirements for filing

does not eliminate the effectiveness of the filing since the purpose of this rule is to protect a diligent party from being penalized by the errors and omissions of the court clerk. *Id.* at 680.

Any failure of the facsimile filings by Ivy Renee Strawder to comply with the technical requirements of the Texas Government Code were predicated solely upon the misinformation provided by the district clerk and the clerk's continued treatment of all previous filings, including the Original Petition in Intervention, as pleadings filed appropriately by facsimile. The provisions of Tex.Gov't Code Ann. § 51.806 (Vernon 1988) do not require the filing of hard copies with the clerk, and Ivy Renee Strawder, generally, did not file hard copies with the clerk. Accordingly, the substantive rights of Ivy Renee Strawder to effect a nonsuit should not be thwarted by the failure of the district clerk to follow the technicalities required for electronic filing of documents. Moreover, the filing of the Notice of Nonsuit was made effective by the retroactive provision in the Supreme Court's order. We hold that the Notice of Nonsuit was properly filed on September 28, 1990.

█ Next, we decide the effect of the filing of the Notice of Nonsuit. A litigant's right to take a nonsuit, when affirmative relief is not sought by an adverse party, and the same is filed in a proceeding before the court and the judge has not reached a decision, cannot be denied by the trial court. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840–41 (Tex.1990); *Greenberg v. Brookshire,* 640 S.W.2d 870, 871 (Tex.1982).

█ Tex.R.Civ.P. 162 provides in relevant part:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit, which shall be entered in the minutes. . . .

The case law surrounding Rule 162 clearly reflects that taking of a nonsuit does not necessitate the filing of any other pleadings or observing other technical rules, but merely requires the appearance before the court or clerk by a plaintiff, or intervenor, through its representative or attorney, and the transmittal to the clerk of the party's abandoning its claims. No particular procedure is required to take a nonsuit. *Greenberg,* 640 S.W.2d at 872; *Orion Investments, Inc. v. Dunaway & Associates, Inc.,* 760 S.W.2d 371, 373 (Tex.App.—Fort Worth 1988, writ denied). The Supreme Court has held that the rule is to be liberally construed in favor of the right to nonsuit, *Greenberg,* 640 S.W.2d at 872, and that it should not be given strict or technical construction. *Smith v. Columbian Carbon Co.,* 145 Tex. 478, 198 S.W.2d 727, 728 (1947). The rule is equally applicable to intervenors claiming affirmative relief. *Boswell, O'Toole, Davis & Pickering v. Townsend,* 546 S.W.2d 380, 381 (Tex.Civ. App.—Beaumont 1977, no writ). The Texas courts have uniformly held that presentation to the court of a nonsuit in some fashion and entry of that presentation upon the court's calendar ends the case with regard to any claims involving that party, except for claims for affirmative relief then pending against the nonsuiting party; no order ever need be entered.

█ When the Notice of Nonsuit was filed, the only pleadings of Georgia Thomas filed by her in which affirmative relief was sought by her were her original petition and her first amended original petition. Georgia Thomas sought relief against the Pipeline Defendants and no one else. Georgia Thomas did not seek any affirmative relief in her original answer to Ivy Renee Strawder's Petition in Intervention; she did, however, ask that she be "entitled to time, prosecution costs and attorney's fees" in her "First Amended Cross Action and Intervention," but this pleading was filed on October 26, 1990, which was *after* the date that the "Notice of Nonsuit" was filed (September 28, 1990). Paul Webb, who had been appointed attorney ad litem on September 10, 1990, had not filed any pleadings asking for affirmative relief of any kind or character from Ivy Renee Strawder on the date that the "Notice of Nonsuit" was filed.

In order for a defendant to qualify as seeking affirmative relief in his counter-claim, his pleadings must allege facts which show that he has a cause of action, independently of plaintiff's claim, on which he might proceed to recover bene-fits, compensation, or relief even though plaintiff abandons his cause of action or fails to establish it....

*Newman v. Alkek,* 614 S.W.2d 653, 655 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).[6]

Since there were no pleadings by either Georgia Thomas or Paul Webb or anyone asking for affirmative relief against Ivy Renee Strawder in her representative ca-pacities on September 28, 1990, when she filed her Notice of Nonsuit, and as she had an absolute right to a nonsuit against the Pipeline Defendants, the only defendants she sued, the trial court had no alternative other than to grant the nonsuit and to dismiss her action in intervention without prejudice, or to take no action on the non-suit. The subsequent order by the trial court which set aside the order granting the nonsuit is a nullity.

■ There was no service of citation of the cross-action on Ivy Renee Strawder in her representative capacities prior to the rendition of judgment. Georgia Thomas contends that the appearance of counsel at the trial constitutes an appearance suffi-cient to confer jurisdiction on the court to render judgment "even if the attempted nonsuit was effective in removing the Es-tate from litigation before the filing of Thomas' cross claim." Ivy Renee Strawder claims that the trial court did not acquire *in personam* jurisdiction over her or the minor child Timmy Tyrell Strawder. We agree.

When the judge of the district court of Wharton County called for announcements at trial on the cross-action on November 1, 1990, Mr. John Wesley Wauson, the attor-ney who had represented Ivy Renee Straw-der in the previous proceedings before the court, stated:

MR. WAUSON: Your honor, we're here, basically, as friends of the court, our position being that we are nonsuited and out of the case.

Thereafter, the court responded:

THE COURT: We don't have a proce-dure for you to actively take part in the trial of the lawsuit.

Mr. Wauson then said:

MR. WAUSON: We don't intend to, your honor. We're here just for the purpose of observing....

Mr. Cannon, the attorney for Georgia Thomas then asked the court if he could ask Mr. Wauson to the stand, and the court said "sure." Mr. Wauson asked: "Can I make a response?" Mr. Cannon then said:

I'd like to call him as a witness. He's appearing as a friend of the court, said he wasn't appearing as a party. He doesn't get to respond at all.

The court said:

No, you really—you really don't. I don't know of any procedure in Texas where—outside the appellate court, where friends can speak during trial.

Whereupon, Mr. Wauson, made the follow-ing statements:

Your honor, we're here for the limited purpose of asking that an order of non-suit be entered. We did submit one, Ms. McCall did, a while back. It's our posi-tion, and I reckon that we all have an opportunity to do whatever we think is right for our clients, but I think that the original nonsuit was good. I submitted a brief. The law is pretty clear that, once the clerk takes it into her control and file stamps it, whether she's done so by acci-dent or whatever, that it's good and if—that's a position that we think that we have to rely upon..

No objection was made to the above state-ments and the court permitted the state-ments to be made. Thereafter, Mr. Wau-son was called as a witness by Mr. Cannon.

Mr. Cannon then called Ms. Cynthia Kay McCall, who had been hired by Mr. Wauson

**6.** Quoted by the Supreme Court in *General Land Office v. Oxy, U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990).

to help him ·in the case, as a witness. When asked "[w]ho did you represent?," she replied:

> Today, I'm not here representing anybody ... but I'm not here today to make an appearance for anybody, other than we were—I mean, if I was going to represent anyone, I would represent Ivy Renee Strawder and her son.

The voluntary statements made by Mr. Wauson show conclusively that he was not making an appearance in the case and the only reasons for his being in the courtroom at the time and on the date in question, were to act as a friend of the court and to proceed with "asking that a order for nonsuit be entered." The testimony of Mr. Wauson and Ms. McCall did not constitute an appearance in the trial of the cross-action. Both were "forced" to testify. It has been held on several occasions that the mere presence in court of an attorney, retained as counsel by a person formerly a party to the lawsuit, does not constitute a general appearance, unless the attorney seeks a judgment or an adjudication on some question. *See St. Louis & S.F. R.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918); *Smith v. Amarillo Hosp. Dist.,* 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ); *Investors Diversified Serv. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ. App.—Houston 1963, writ ref'd n.r.e.); *Crockett v. Diffie,* 137 S.W.2d 167, 169 (Tex.Civ.App.—Texarkana 1940, no writ); *Lindsey v. Ferguson,* 80 S.W.2d 407, 409 (Tex.Civ.App.—Eastland 1935, no writ). In view of the statements by Mr. Wauson and Ms. McCall that they were not making an appearance in the cross-action then being tried before the court, and in view of the further statement made by Mr. Cannon:

> We filed a cross action. [The judge] holds the nonsuit for null. Then they [Strawder] nonsuit. Then they say they're not here, they're friends of the court,

we hold that the attorneys for Ivy Renee Strawder did not make an appearance at the trial of the cross-action.[7] The question of the nonsuit, raised by Mr. Wauson, was not connected with the trial of the cross-action.

The rendition of a judgment by a court which does not have jurisdiction to render the judgment constitutes fundamental error, which can be raised at any time. Fundamental error is either 1) error in assuming jurisdiction when none exists, *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957); or 2) error which directly or indirectly affects the interest of the public generally, *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979 (1947).

The courts of this State only have the jurisdiction conferred on them by the Constitution of the State of Texas and statutes of this State. *Pope v. Ferguson,* 445 S.W.2d 950, 951 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). A court has no inherent jurisdiction beyond the limitations imposed by the source of its existence. *Ex parte Hughes,* 133 Tex. 505, 129 S.W.2d 270, 273 (1939).

The courts of the State of Texas do not have jurisdiction to render personal judgments against a person unless a controversy exists between individuals and the same is *legally* presented for determination. " 'Jurisdiction' is the right and power of a Court to determine a controversy between individuals...." *Mitchell v. San Antonio Pub. Serv. Co.,* 35 S.W.2d 140 (Tex.Comm'n App.1931, holding approved).

A valid judgment cannot be rendered against a person or in favor of another person who is not a party to the proceeding. *State Mortgage Corp. v. Traylor,* 120 Tex. 148, 36 S.W.2d 440, 443 (1931); *Nicholson v. Scurry,* 119 Tex. 250, 28 S.W.2d 512, 515 (1930); *Lobit v. Crouch,* 293 S.W.2d 110, 113 (Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.). Nor does a court have jurisdiction to adjudicate the rights of

---

7. The judgment in Cause 29,447–A, signed on December 17, 1990, and now on appeal recites that Ivy Renee Strawder, "in her representative capacities, through their respective attorneys of record and announced ready for trial." That recitation is simply not true. No such announcement was made.

a person who is not a party to the proceeding, the object of which is to enforce or defend a right. *Livezey v. Putnam Supply Co.*, 30 S.W.2d 902 (Tex.Civ.App.—Eastland 1930, writ ref'd).

█ Rules relating to service of process are mandatory, and a failure to comply therewith, if a judgment be rendered against a party who was not served in accordance with those rules (and who did not waive service of citation or appear voluntarily) renders the judgment void. *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (Tex.Comm'n App.1935, opin. adopted); *Thomas Petroleum Prods. v. Rulon Elec. Co.*, 609 S.W.2d 890, 892 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ); *Nichols v. Wheeler*, 304 S.W.2d 229 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.); *Lemothe v. Cimbalista*, 236 S.W.2d 681, 682 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

█ The mere filing of the lawsuit by Georgia Thomas against the Pipeline Defendants, and the fact that Ivy Renee Strawder intervened in the suit and alleged a cause of action against the same Pipeline Defendants, and who nonsuited the Pipeline Defendants before Georgia Thomas filed a cross-action against Ivy Renee Strawder, as administratrix of the Thomas Estate and as tutrix and next friend of the minor, did not invoke the jurisdiction of the trial court to try the cross-action and render judgment on it to eliminate the necessity of service of citation of the cross-action on Ivy Renee Strawder, since she did not waive service of citation and did not make an appearance, individually or by attorney, at the trial of the cross-action. *See Early v. Cornelius*, 120 Tex. 335, 39 S.W.2d 6, 8 (Tex.1931); *Warner v. Irving Lumber Co.*, 584 S.W.2d 893, 894 (Tex.Civ.App.—Dallas 1979, no writ).

█ Georgia Thomas also contends that Ivy Renee Strawder, in her capacities as personal representative of the estate and successor of Timmy Lee Thomas, and as next friend and tutrix of Timmy Tyrell Strawder, as qualified by a Louisiana Court, and who has not so qualified by a Texas Court, cannot bring suit in a Texas

Court relating to the Thomas Estate. She relies primarily upon TEX.PROB.CODE ANN. § 107 (Vernon 1980), *McAdams v. Capitol Prod. Corp.*, 810 S.W.2d 290 (Tex. App.—Fort Worth 1991, writ denied), and *Minga v. Perales*, 603 S.W.2d 240 (Tex.Civ. App.—Corpus Christi 1980, no writ). She argues that at the time Ivy Renee Strawder filed the nonsuit on September 28, 1990, since "she had not yet received recognition in Texas of her status as administratrix . . . she had no standing to represent the Estate's interest in the suit." She further argues that the nonsuits that were "filed by Strawder could not be effective to dismiss any claims of the estate since Strawder lacked representative capacity to institute the nonsuits. Accordingly, at the time that Thomas filed her cross-claims against Strawder (on October 2, 1990), there was no nonsuit in effect, and the Estate claims were still properly before the trial court." We do not agree.

In particular, Georgia Thomas invites our attention to the following assertions made in her Motion for Rehearing:

Strawder failed to receive judicial or statutory recognition in Texas of her control of the Estate's pending claims before filing of Thomas' cross-claim. Specifically, Strawder's notice of nonsuit and the facsimile nonsuit filed on September 28, 1990, were both attempted before: (1) filing of a record of Strawder's appointment in Louisiana as administratrix of the estate with the trial court, (2) a hearing on Strawder's intervention and plea in abatement, or (3) the substitution of Strawder's counsel as counsel for the estate in the matter pending before the trial court.

\* \* \* \* \* \*

[W]hen Strawder finally appeared by her Petition in Intervention on September 7, 1990, she failed to file the authenticated letters of administration from the Louisiana court naming her Administratrix as required by Section 107A of the Probate Code. Tex.Prob.Code Ann. § 107A(b). Neither her nonsuit filed by facsimile on September 28, 1990, nor her

filing of October 3, 1990 cured this defect.

The Fort Worth Court of Appeals announced the following rule in *McAdams*, 810 S.W.2d at 293.

An administrator, appointed by the court of another state, may not be sued in the court of Texas nor act as the legal representative of the estate of Texas. *Faulkner v. Reed*, 241 S.W. 1002, 1007 (Tex.Comm.App.1922, judgm't. adopted); *Eikel v. Burton*, 530 S.W.2d 907, 908 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

This Court stated in *Minga*:

The general rule is that a foreign representative cannot sue or be sued in the court of this State. *Faulkner v. Reed*, 241 S.W. 1002 (Tex.Com.App.1922, jdgmt. adopted); *Eikel v. Bristow Corp.*, 529 S.W.2d 795 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). The basis for the rule is that no judgment can be rendered against an estate unless it has a legal representative before the court. A foreign representative has no extraterritorial authority; he can only administer such assets as are within the jurisdiction of the court which appointed him. Thus, a valid administration of assets in Texas must be through a representative duly appointed in Texas. *Faulkner v. Reed*, supra.

*Minga*, 603 S.W.2d at 242.

In *Faulkner v. Reed*, 241 S.W. 1002 (Tex.Comm.App.1922, judgment adopted), the Court said:

No judgment can be rendered against an estate unless it has a legal representative before the court. An administrator, appointed by the courts of Ohio, could not by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment. In other words, an administrator has no extraterritorial authority. (citation omitted).

*Id.* at 1007.

TEX.PROB.CODE ANN § 107 (Vernon 1980) applies only in a case when the foreign executor or administrator prosecutes a suit in Texas to recover a debt due the decedent in the case at bar. It is undisputed that Ivy Renee Strawder is the personal representative (administratrix) of the Thomas Estate and is the tutrix (guardian) of the minor Timmy Tyrell Strawder, having qualified as such in the State of Louisiana and that Georgia Thomas qualified as administratrix of the Thomas Estate in the State of Louisiana on October 12, 1989, and was removed as such by the Louisiana Court on May 17, 1990.

The record shows that Georgia Thomas filed suit in Wharton County, Texas, which was docketed as "Cause No. 29,447, whereby she sued only the Pipeline Defendants to recover damages for the wrongful death of Timmy Lee Thomas. She sued the defendants in her capacity as an individual and as "representative of the Estate of Timmy Lee Thomas." She was a resident of Louisiana at all times pertinent to this case. It is further shown by the record that she, Georgia Thomas, did not assert any claim against Ivy Renee Strawder as personal representative of the Thomas Estate and as next friend and tutrix of the minor child Timmy Tyrell Strawder until October 2, 1990 (after Ivy Renee Strawder nonsuited the Pipeline Defendants), when she, in her individual capacity as "Cross-claimant and Intervenor", filed a Cross action and Intervention in Cause No. 29,447 against "Ivy Renee Strawder as representative of the estate and successor of Timmy Lee Thomas, and against Ivy Renee Strawder as next friend and tutrix of Timmy Tyrell Strawder, and against Timmy Tyrell Strawder by and through said tutrix and next friend."

It is conclusively shown by the record that Georgia Thomas, Ivy Renee Strawder and Timmy Tyrell Strawder were (and are) residents of the State of Louisiana at all times pertinent to this suit. There is nothing in the record that indicates that either

Georgia Thomas or Ivy Renee Strawder was appointed administratrix, ancilliary or otherwise, of the Thomas Estate by a probate court in the State of Texas. Georgia Thomas was a foreign administratrix of the Thomas Estate when she filed suit against the Pipeline Defendants and was not such administratrix when she filed her cross-action and Intervention against the Thomas Estate. Ivy Renee Strawder was a foreign administratrix at all times subsequent to the removal of Georgia Thomas as administratrix of the Thomas Estate. Therefore, under the holdings of *Faulkner, McAdams,* and *Minga,* neither Georgia Thomas nor Ivy Renee Strawder could sue the other in a Texas Court or be sued by the other regarding a claim against the Thomas Estate.

As already noted, this appeal is from the final judgment rendered in Cause No. 29,447A which was severed from Cause No. 29,447. This appeal concerns only the awards made to Georgia Thomas in her individual capacity for attorney's fees incurred by her in Cause No. 29,447 and the award of attorney's fees made directly to Paul Webb, the attorney ad litem. The judgment was against "Ivy Renee Strawder, as representative of the Estate and Successor of Timmy Lee Thomas, Ivy Renee Strawder as next friend and tutrix of Timmy Tyrell Strawder and Timmy Tyrell Strawder, by and through said tutrix and next friend." The judgment constitutes fundamental error and is a nullity. The trial court exceeded its authority in rendering judgment against Ivy Renee Strawder in her representative capacities for the recovery of attorney's fees by Georgia Thomas. *See Eikel v. Bristow,* 530 S.W.2d 907, 908 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

Since the trial court did not have *in personam* jurisdiction of Ivy Renee Strawder in any of her various capacities, the judgment of the trial court in its entirety will be reversed and set aside on jurisdictional grounds. Consequently, we need not decide whether any evidence supports the award of attorney's fees to Georgia Thomas or to Paul Webb, the attorney ad litem.

## THE ISSUE OF ATTORNEY'S FEES TO THE ATTORNEY AD LITEM

The appointment of Paul Webb as attorney ad litem was made in Cause No. 29,447. The cross-action was severed from the case and the judgment, rendered in the cross-action and now on appeal, was rendered in Cause No. 29,447-A. The appealed judgment did not rule on the appointment of the attorney ad litem; it assumes, inferentially, that the appointment was valid. The issue of appointment of an attorney ad litem is yet to be determined in the trial of Cause No. 29,447, and was not adjudicated in the trial of Cause No. 29,447-A.

 Tex.R.Civ.P. 173 provides that the compensation to be paid the guardian ad litem (attorney ad litem) shall be fixed by the court and taxed as costs. This issue should be determined not by judgment; it should be disposed apart from the judgment by motion and order of the court fixing the amount of the fee to be paid to the guardian ad litem (attorney ad litem) of the minor's estate as a part of the costs. *Sheehan v. Southern Pac. Co.,* 422 S.W.2d 948, 950 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The issue of compensation, if any, to the ad litem, should be disposed of in the final judgment to be rendered in Cause No. 29,447, which is still pending in the Wharton County District Court.

Concerning the appointment of guardian, we note that the Supreme Court of Texas, in *Newman v. King,* 433 S.W.2d 420 (Tex. 1968) said:

[d]isplacement of the next friend with a court appointed guardian ad litem, although mandatory when authorized, is authorized only when it "appears to the court: that the next friend has an interest "adverse to the minor".... (Emphasis supplied).

*Id.* at 421.

Rule 173 has been construed by several appellate courts to mean that if a natural parent has an interest which is not adverse to that of his or her minor child, the trial court should *not* appoint a guardian ad litem, unless there is a conflict between the

interest of the parent and that of the minor, and the court will presume that the parent has the child's best interest in mind and will protect his (or her) legal rights. *Texas Employers Ins. Co. v. Keenom,* 716 S.W.2d 59, 67 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Leigh v. Bishop,* 678 S.W.2d 572, 573 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Jones v. Martin,* 481 S.W.2d 467, 472–73 (Tex.Civ. App.—Texarkana 1972, no writ).

After Paul Webb was appointed attorney ad litem, his only actions concerning the minor were: 1) appearing at the hearing on Georgia Thomas' "Motion to Appoint an attorney ad litem and to deposit the $1,000,-000" into the registry of the court, 2) filing a motion requesting the court to reconsider its order granting the nonsuit, 3) filing a general denial in answer to the cross-action filed by Georgia Thomas, 4) making a special appearance at the hearing in the cross-action, where he presented a motion to the jurisdiction, in which he alleged:

3.

This Court does not have jurisdiction over the child TIMMY TYRELL STRAWDER for the reason that GEORGIA THOMAS has no apparent authority to represent TIMMY TYRELL STRAWDER in his claim against the Defendants herein. In this connection, Attorney Ad Litem would further show that the parties that allege to represent the child, that being Ivy Renee Strawder, have withdrawn from the case by action of a nonsuit and have alleged that GEORGIA THOMAS has no right to assert any claim for the child. The child resides in Louisiana and has not filed an Answer in this matter prior to the filing of this special appearance.

4.

The assumption of jurisdiction by the Court over this child and his property would offend traditional notions of fair play and substantial justice, depriving said child of due process as guaranteed by the Constitution of the United States;

and 5) filing a motion for a continuance of the hearing on Georgia Thomas' cross-action, in which he alleged:

4.

There is pending at this time an appeal in the courts of Louisiana regarding the proper party to represent the interest of TIMMY TYRELL STRAWDER; that the Attorney Ad Litem is of the opinion that until that matter is resolved and the courts in Louisiana determine who is the proper party to represent this child, that any settlement agreement reached could not be approved by the Attorney Ad Litem and possibly would not be in the best interest of the child.

We conclude from his pleadings that he was of opinion that the trial court did not have jurisdiction to render judgment on the cross-action.

### DISPOSITION OF THE APPEAL

Since Ivy Renee Strawder was never served with citation on the cross-action, did not waive service of citation and did not make an appearance at the trial of the cross-action, the trial court was without power, authority or jurisdiction to render judgment in the cross-action.

The judgment of the trial court, being void, is reversed in its entirety, is set aside, and the order of severance is vacated.