

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00343-CV

## IN THE MATTER OF THE GUARDIANSHIP
## OF KEVIN R. GORDON

**From the County Court
McLennan County, Texas
Trial Court No. 20040038 GDN**

## MEMORANDUM  OPINION

Rhonda Taylor was appointed guardian of the person for her adult son, Kevin R. Gordon, by the county court.  Gordon was subsequently incarcerated.  Taylor filed a *pro se* motion for temporary and mandatory injunctive relief in the guardianship proceeding against the Texas Department of Criminal Justice and the University of Texas Medical Branch, alleging violations of Gordon's constitutional rights on grounds that he is not receiving proper medical care.  The county court denied the motion for lack of "jurisdiction in this matter."  On appeal, Taylor challenges the denial of her motion.  We reverse and remand.

The county court has subject matter jurisdiction over matters related to the guardianship, including writs of injunction; thus, the county court had subject matter jurisdiction to consider Taylor's motion.[1]  *See* TEX. PROB. CODE ANN. § 606(b) (Vernon Supp. 2008); *see also* TEX. GOV'T CODE ANN. § 26.051 (Vernon 2004); *In re Guardianship of Glasser*, No. 04-07-00559-CV, 2009 Tex. App. LEXIS 2680, at *14 (Tex. App.—San Antonio Jan. 30, 2009, no pet. h.); *Coleson v. Bethan*, 931 S.W.2d 706, 714 (Tex. App.—Fort Worth 1996, no pet.).  Because the trial court has subject matter jurisdiction to consider Taylor's motion, we reverse and remand for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray dissenting with note)*
Reversed and remanded
Opinion delivered and filed July 15, 2009
[CV06]

*      (Chief Justice Gray dissents.  A separate opinion will not issue.  He notes, however, that based on the record presented to this Court, Taylor, purporting to act as Gordon's guardian or next friend, sought to enjoin the Texas Department of Criminal

---

[1]      We note that TDCJ and UTMB have not been served with citation and the motion for temporary and mandatory injunctive relief in the guardianship proceeding.  *See Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995) ("Judgment shall not be rendered against one who was neither named nor served as a party defendant."); *see also Strawder v. Thomas*, 846 S.W.2d 51, 61 (Tex. App.—Corpus Christi 1992, no pet.); *Landry v. Burge*, No. 05-99-01217-CV, 2000 Tex. App. LEXIS 6606, at *6-7 (Tex. App.—Dallas Oct. 2, 2000, no pet.) (not designated for publication).  We also note that a previously filed lawsuit by Gordon against TDCJ and UTMB, involving the same allegations, is currently pending in United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-06-2790.

Justice and University of Texas Medical Branch,[1] and inject herself into the medical treatment being provided to inmate Gordon after he was incarcerated and subject to the care, custody, and control of the State of Texas. It is clear that the probate court of McLennan County has no jurisdiction over the State of Texas, TDCJ, or the Assistant Attorney General representing the State of Texas, none of which have been served in the probate proceeding, to enjoin them from the operations of the care and treatment of an incarcerated person, Gordon. It is also clear from the record that Taylor is represented in her capacity as guardian of Gordon by very capable counsel in federal court litigation, in which the issue of the propriety of the State's medical treatment of Gordon is being litigated. It is further clear from the record that her request to file civil litigation as next friend of Gordon was denied on March 9, 2007 and she did not appeal that order.

Additionally, the trial court's order is not entirely clear or consistent. It concludes it does not have jurisdiction in "this matter" but does not define what "this matter" consists of. The trial court then "denied" the requested relief. This ruling is inconsistent with a determination that it has no jurisdiction at all in the guardianship proceeding. However, this ruling is entirely consistent with the determination it has no jurisdiction over the nature of the relief sought or the parties against whom the relief was sought.

Finally, I note, based on the record before us, appellant has been ordered to not file any more pleadings in her name. However, it is unclear whether this applies only to the litigation in federal court, or in any court.

In conclusion, while there may be an issue or question about what the trial court meant by a recital in its ruling that it had no jurisdiction of the matter, it is very clear that the trial court did not err when it denied appellant's motion. For the foregoing reasons, I respectfully dissent.)

---

[1] I note that if the State and UTMB had been properly served, appellant has not shown how the trial court would have had jurisdiction over them – in essence a waiver of sovereign immunity.