NO. 07-01-0119-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 20, 2002

_____

KELLY GREEN, APPELLANT

V.

ESTELLA VIDLAK, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 97-584,871; HONORABLE PAULA LANEHART, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Kelly Green challenges the trial court's order that she effectively non-suited her claims for personal injuries against appellee Estella Vidlak when she amended her petition and did not name Vidlak as a defendant.  By six issues,[1] Green contends (1)

_____

[1]Green does not challenge the trial court's order on abuse of discretion grounds.

a court-ordered amendment should not equate to a voluntary amendment, (2) the statute of limitations should not apply, (3) Vidlak resubmitted herself to the trial court's jurisdiction, (4) Vidlak was given fair notice, thus serving the purpose of Rule 65 of the Texas Rules of Civil Procedure, (5) the pleadings taken as a whole clearly identified Vidlak, and (6) the end result in a single defendant case results in an immediate dismissal which violates the Texas Rules of Civil Procedure. Based upon the rationale expressed herein, we reverse and render the judgment the trial court should have rendered; in all other respects the judgment is affirmed.

On July 13, 1995, while Vidlak was driving a car that had been owned by Reuben Stewart, deceased, she was involved in an accident with a car driven by Green. On May 22, 1997, Green filed suit against Vidlak for personal injuries sustained in the accident. The case was set for trial on February 12, 2001, and during a pre-trial conference on January 19, 2001, the trial court sustained Vidlak's special exceptions. On January 22, 2001, Green filed her first amended petition omitting Vidlak as a named defendant and naming Stewart as the only defendant.

When the case was called for trial on February 12, 2001, after counsel for Green announced ready, counsel for Vidlak, without making any announcement of ready or otherwise, called the court's attention to Green's amended pleading naming Stewart as a defendant and omitting Vidlak as a defendant. Without filing a motion to dismiss or other motion, counsel for Vidlak argued that Green's amended petition operated as a non-suit

as to Vidlak.[2]  After hearing argument from both counsel and reviewing authorities, on February 12, 2001, the trial court signed the following order.

> ON THE 12[TH] DAY OF FEBRUARY, 2001, came on for trial the above styled and numbered cause of action.  Plaintiff appeared in person and by and through her attorney of record and announced ready for trial.  Thereupon, counsel for Defendant informed the Court of the contents of Plaintiff's First Amended Petition, which was filed on January 22, 2001, and which omits any factual pleading against Defendant, ESTELLA VIDLAK, but rather makes factual allegations against Reuben Stewart, an individual not previously a party hereto, and who has not been served with process, who is deceased and as to whom the statute of limitations has run.
>
> The Court therefore finds that, pursuant to Rule 65, TEX. R. CIV. P., and pursuant to applicable case law provided to the Court and identified by the Court on the record, as of January 22, 2001, Plaintiff effectively filed a non-suit as to Defendant, ESTELLA VIDLAK, by omitting any factual pleading against ESTELLA VIDLAK from Plaintiff's First Amended Petition.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff's claims against Defendant, ESTELLA VIDLAK, were dismissed, without prejudice, on January 22, 2001, by the filing of Plaintiff's First Amended Petition.  However, the Court further finds that, because of the expiration of the applicable statute of limitations, Plaintiff's claims against Defendant, ESTELLA VIDLAK, are not subject to being refiled.
>
> Costs are adjudged against the parties by whom incurred.
>
> All relief prayed for, and not expressly granted herein, is hereby DENIED.
>
> Signed this 13th day of February 2001.

Green's motion for new trial was filed on February 27, 2001, and was overruled by order signed March 22, 2001, and her notice of appeal was filed March 28, 2001.

---

[2]Although Green suggests that the omission of Vidlak as a defendant was inadvertent, the order is not challenged on that ground.

## Motion to Dismiss

Pending before this Court is Vidlak's motion to dismiss for want of jurisdiction. By her motion, Vidlak contends that Green's appellate timetable commenced on January 22, 2001, and because Green did not file her notice of appeal within 30 days of that date, the notice of appeal filed on March 28, 2001, was not timely. Tex. R. App. P. 26.1(a). We disagree.

In considering a similar issue, in Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995), the Court held that an appellate timetable does not commence to run "other than by signed, written order, even when the signing of such an order is purely ministerial." In *Farmer*, after the trial court granted a summary judgment as to Farmer's contract claim, Farmer filed a supplemental petition in which she abandoned her negligence claim but continued to assert the contract claim. The Court held that Farmer's appeal should not have been dismissed. Accordingly, Vidlak's motion to dismiss is overruled.

We next address Green's contentions in a logical rather than sequential order. Green contends (1) Rule 65 of the Texas Rules of Civil Procedure regarding substituted instruments should not apply to an amendment required by the court, (4) the amended pleading gave fair notice, (5) the amended pleading clearly identified Vidlak, and 6) Rule 65 applies only where multiple defendants are parties. Because these issues are negated by controlling case law, we will consider them together. In Webb v. Jorns, 488 S.W.2d 407

4

(Tex. 1972), similar questions were presented to the Court. The father, individually and on behalf of his minor children, filed a malpractice suit on March 21, 1968, against three physicians and a hospital upon a cause of action that arose on October 7, 1966. *Id.* at 409. On February 9, 1970, by amended petition Webb named the three physicians, but omitted the hospital as a defendant. *Id.* As a result of the omission, the amended pleading asserted no cause of action against the hospital. After Webb filed an amended petition on April 3, 1970, restoring the hospital as a defendant, the hospital filed a motion to dismiss, which was granted by the trial court. In addressing the question, the court held:

> [t]he court, by its order dismissing the hospital, correctly followed the rule that the amended petition, by omitting a defendant, operated as a voluntary dismissal as to that party. [Citations omitted]. The trial court erred, however, in dismissing the cause 'with prejudice.' The voluntary dismissal of the hospital did not prevent plaintiffs from refiling an action against the hospital, and the phrase, 'with prejudice,' improperly barred such an action. [Citations omitted]. Some of the plaintiffs were minors against whom the statute of limitations may not have run, and the dismissal 'with prejudice' as to them was in error. . . .

*Id.* The court concluded its discussion by noting that the question of limitations could be considered upon remand. *Id.*

Citing *Webb*, in State v. Tamminga, 928 S.W.2d 737, 740 (Tex.App.--Waco 1996, no writ), the court held that when a plaintiff files an amended petition that excludes a defendant named in a previously filed petition, that defendant is no longer a party to the plaintiff's lawsuit. The fact that Vidlak's name remained in the style of the petition did not

5

alter the effect of the omission of her name as a defendant in the body of the amended pleading. *See* Radelow-Gittens v. Pamex Foods, 735 S.W.2d 558, 560 (Tex.App.--Dallas 1987, writ ref'd n.r.e). Further, the rule applies to amendment of pleadings necessary to respond to special exceptions and to cases that include only one defendant. *See* Little-Tex Insulation v. Gen. Ser. Com'n, 997 S.W.2d 358, 361 (Tex.App.--Austin 1999), *rev'd on other grounds*, 39 S.W.3d 591 (Tex. 2001). Issues one, four, five, and six are overruled.

By issue three, Green contends that Vidlak resubmitted herself to the jurisdiction of the court. We disagree. Although Green acknowledges that Strawder v. Thomas, 846 S.W.2d 51 (Tex.App.--Corpus Christi 1992, no writ), holds contrary to her contention because counsel in *Strawder* appeared solely as a friend of the court to request a dismissal, she argues that *Strawder* should not apply because Vidlak "clearly made an appearance" by actively seeking the trial court's adjudication on the question of dismissal. However, as noted in *Webb,* the rule operated even though the hospital filed a formal motion to dismiss. Moreover, because this case had been set for trial on the merits on February 12, 2001, the trial court expected counsel for both parties to appear and announce ready for trial. If we adopt Green's position, counsel for a defendant in this situation would be compelled to ignore the trial setting with knowledge that the trial court expected defendant's counsel to make an appearance, thereby running the risk that a default judgment may be rendered requiring a motion for new trial and appeal to correct

6

an erroneous judgment. The rule suggested by Green would not promote judicial economy; thus, we decline to depart from the decision in *Strawder* and follow the result of the decision in *Webb.* Issue three is overruled.

Finally, we consider Green's second issue by which she contends the statute of limitations should not apply. We agree in part. Although the order mentioned Reuben Stewart by name and noted that he had not been served, it also recited that the statute of limitations had expired. Because Green does not present any issue as to the effect of the order as to Stewart, the limitations question as to him is moot.

In *Webb*, 488 S.W.2d at 409, the Court held that the effect of the amended petition that omitted the hospital as a defendant operated "as a voluntary dismissal as to that party," without prejudice. Here, the order correctly provides that Green's claims against Vidlak were dismissed, without prejudice. However, although it appears from the record that Green was not a minor as in *Webb*, and because limitations is an affirmative defense that must be plead,[3] *see* Tex. R. Civ. P. 94, that portion of the order providing the following is erroneous:

> [h]owever, the Court further finds that, because of the expiration of the applicable statute of limitations, Plaintiff's claims against Defendant, ESTELLA VIDLAK, are not subject to being refiled.

---

[3]Application of the statute of limitations is subject to determination in the event that Green seeks to commence another proceeding based upon the events of July 13, 1995.

7

Issue three is sustained in part.

Accordingly, pursuant to Rule 43.2(c) of the Texas Rules of Appellate Procedure, we reverse and render the judgment the trial court should have rendered by omitting that portion of the judgment reciting that Kelly Green's claims against Estella Vidlak are not subject to being refiled; in all other respects the judgment is affirmed.

Don H. Reavis
Justice

Publish.